UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself, and all others similarly situated,

                        Plaintiff,

    -against-

JORGE ALDAZ, ATLANTIC TRAVEL EXPRESS OF NEW YORK, INC., ATLANTIC TRAVEL EXPRESS MULTISERVICES INC., AND ATLANTIC TRAVEL SERVICES INC.,

                        Defendants.
---------------------------------------X

**COMPLAINT**

*Civil Action No.*

1:19-cv-2168

Plaintiff, PRISCILIANO CRISTOBAL BONIFACIO (hereinafter the "Plaintiff"), on behalf of himself as well as all others similarly situated, by and through his counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues JORGE ALDAZ, ATLANTIC TRAVEL EXPRESS OF NEW YORK, INC., ATLANTIC TRAVEL EXPRESS MULTISERVICES INC., and ATLANTIC TRAVEL SERVICES INC., ("Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq. and 42 U.S.C. 12101, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and their implementing regulations, in connection with accessibility barriers at various properties owned and managed by Defendants and alleges:

## INTRODUCTION

1. This is an action seeking to redress violations of state and federal laws at the Defendants location nationwide and those properties owned and operated by Defendants in this District.

2. As set forth more fully below, Plaintiff, as well as a class consisting of hundreds of thousands of similarly situated disabled individuals, are functionally excluded from some or all of the goods, services, and amenities offered to the general public at each of the Defendant's locations nationwide and in this District.

3. By this litigation, Plaintiff, on behalf of himself and the class defined more fully below, seek to bring all of Defendants' locations into compliance with applicable state and federal law, and to recover applicable damages owed to each member of the class, in accordance with the applicable laws.

## JURISDICTION AND PARTIES

4. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

5. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(1) and (2) Defendants conduct and continue to conduct a substantial and significant amount of business in this District, Defendants are subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District and several of the store locations are in this District.

## PARTIES

6. Plaintiff, at all relevant times, is a resident of New York State, County of Kings.

7. Plaintiff has attempted to patronize Defendants' premises in New York in the past, and intends to continue to patronize Defendants' premises. However, unless Defendant is required to remove the access barriers described below, Plaintiff will continue to be

denied full access to Defendants' various premises and will be deterred from fully using Defendants' facilities.

8. Prisciliano Cristobal Bonifacio has at all relevant times suffered from a "qualified disability" under the ADA, because he is a paraplegic and use a wheelchair for mobility.

9. Upon information and belief, Defendant ATLANTIC TRAVEL EXPRESS OF NEW YORK, INC. is a New York domestic business corporation authorized to conduct and conduction business within the State of New York.

10. Upon information and belief, Defendant ATLANTIC TRAVEL EXPRESS OF NEW YORK, INC. has its principal executive offices at 105 Graham Avenue, Brooklyn, New York 11206.

11. Upon information and belief, Defendant ATLANTIC TRAVEL EXPRESS MULTISERVICES INC is a New York domestic business corporation authorized to conduct and conduction business within the State of New York.

12. Upon information and belief, Defendant ATLANTIC TRAVEL EXPRESS MULTISERVICES INC has its principal executive offices at 5219 4th Avenue, Brooklyn, New York 11220.

13. Upon information and belief, Defendant ATLANTIC TRAVEL SERVICES INC. is a New York domestic business corporation authorized to conduct and conduction business within the State of New York.

14. Upon information and belief, Defendant ATLANTIC TRAVEL SERVICES INC. has its principal executive offices at 1473 Myrtle Avenue, Brooklyn, New York 11237.

15. Upon information and belief, Defendant Jorge Aldaz is the President or Chief Executive of ATLANTIC TRAVEL EXPRESS OF NEW YORK, INC., ATLANTIC TRAVEL

EXPRESS MULTISERVICES INC., ATLANTIC TRAVEL SERVICES INC. and all Atlantic Travel branded facilities/stores (collectively, the "Corporate Defendants").

16. At all times relevant to this action, Defendant Jorge Aldaz participated in the operation and management of the Corporate Defendants.

17. Upon information and belief, and at all times relevant to this action, Defendant Aldaz owned, operated, controlled and/or leased at least four other stores comprising the Corporate Defendants as related businesses for the purposes of providing travel, money transfer, and courier services. These stores locations are: 191 Wyckoff Avenue, Brooklyn, New York 11237; 4716 4th Avenue, Brooklyn, New York 11220; 5924 5th Avenue, Brooklyn, New York 11220; and 8514 19th Avenue, Brooklyn, New York 11214.

18. Upon information and belief, the Corporate Defendants do business as "Atlantic Travel" (collectively referred to hereinafter as the "Atlantic Travel Locations") and are places of public accommodation subject to the ADA.

19. Defendants, in whole or in part, own, operate, control and/or lease places of public accommodations.

20. Defendants' facilities are not fully accessible to, and independently usable by individuals who use wheelchairs.

21. Defendants' facilities are not fully accessible to, and independently usable by individuals who use wheelchairs.

22. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Atlantic Travel Locations.

23. The Defendant's unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Admin. Code §8-502.

## **CLASS ALLEGATIONS**

24. Plaintiff brings this class action on his own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

    All disabled individuals who, because of disability, have been
    Excluded form some or all of the amenities available to the general
    public at any of the Atlantic Travel Locations.

25. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendants corporations.

26. The members of the Class are so numerous that joinder of all Class members is not practical. The size of the class will be determined through discovery.

27. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, has suffered civil rights violations as a result of Defendants' continuing failure to comply with the ADA and ADAAG at all of the Atlantic Travel Locations.

28. Plaintiff can and will adequately protect the interests of all members of the Class and has retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interests that are contrary to the interest of the Class members in this case.

29. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as statutory damages under New York law.

30. Common questions of law and fact prevail with respect to all members of the Class, and predominate over questions applicably solely to individual Class members. Among such common questions of law and fact is whether Defendants have violated Federal and New York State statutory obligations by failing to comply with the ADA and ADAAG, so that all physically disabled persons are afforded fair and equal access to each of the Atlantic Travel Locations.

31. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

32. The names and addresses of disabled individuals who are being excluded from full and equal access to the Atlantic Travel Locations is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in this class action litigation, and can additionally be advertised in the New York City area by television, internet, radio, and other means of transmission that are likely to reach members of the Class.

**COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

33. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

34. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

35. Defendants' physical locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

36. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

37. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

38. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, services, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

39. The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners and operators of

commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

40. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at the Atlantic Travel Locations, in violation of these Accessibility Standards.

41. The Atlantic Travel Locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

   a. <u>105 Graham Avenue, Brooklyn, New York 11206</u>:

      i. Failure to provide accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

      ii. Required accessible check-out/service counters not provided in violation of ADAAG 904.

      iii. Required directional and information signage not provided in violation of ADAAG 216.

      iv. Failure to provide accessible features throughout the premises (clear isles/path throughout the premises).

      v. Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

   b. <u>5219 4th Avenue, Brooklyn, New York 11220</u>.

      i. Required accessible check-out/service counters not provided in violation of ADAAG 904.

      ii.     Required ground space and turning space not provided in violation of ADAAG 402 and 403.

     iii.    Failure to provide accessible seating for the computers.

     iv.    Failure to provide an accessible restroom.

     v.     Required directional and information signage not provided in violation of ADAAG 216.

     vi.    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

c. <u>1473 Myrtle Avenue, Brooklyn, New York 11237</u>.

     i.     Failure to provide accessible entrance due rise more than ½ inch at the main and only entrance in violation of ADAAG 206 and 303.

     ii.    Required accessible check-out/service counters not provided in violation of ADAAG 904.

     iii.    Failure to provide accessible seating for the computers.

     iv.    Failure to provide an accessible restroom.

     v.     Failure to provide accessible phone booths.

     vi.    Required directional and information signage not provided in violation of ADAAG 216.

     vii.   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

d. <u>191 Wyckoff Avenue, Brooklyn, New York 11237</u>:

     i. Failure to provide accessible entrance due to the steps at the main and only entrance in violation of ADAAG 206 and 303.

     ii. Required accessible check-out/service counters not provided in violation of ADAAG 904.

     iii. Failure to provide accessible seating for the computers.

     iv. Failure to provide an accessible restroom.

     v. Failure to provide accessible phone booths.

     vi. Required directional and information signage not provided in violation of ADAAG 216.

     vii. Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

e. <u>4716 4th Avenue, Brooklyn, New York 11220</u>:

     i. Failure to provide accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

     ii. Required accessible check-out/service counters not provided in violation of ADAAG 904.

     iii. Failure to provide accessible seating for the computers.

     iv. Failure to provide accessible phone booths.

     v. Required directional and information signage not provided in violation of ADAAG 216.

    vi. Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

f. <u>5924 5th Avenue, Brooklyn, New York 11220</u>:

    i. Failure to provide accessible entrance due rise more than ½ inch at the main and only entrance in violation of ADAAG 206 and 303.

    ii. Required accessible check-out/service counters not provided in violation of ADAAG 904.

    iii. Failure to provide accessible seating for the computers.

    iv. Failure to provide accessible phone booths.

    v. Required directional and information signage not provided in violation of ADAAG 216.

    vi. Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

g. <u>8514 19th Avenue, Brooklyn, New York 11214</u>:

    i. Failure to provide accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii. Required accessible check-out/service counters not provided in violation of ADAAG 904.

    iii. Required directional and information signage not provided in violation of ADAAG 216.

      iv.    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

42. This is not intended as a complete list of ADA and ADAAG violations at the Atlantic Travel Locations. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspections made of each location pursuant to Fed. R. Civ. 34.

43. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

44. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

45. Plaintiff and the Class intend to visit Atlantic Travel Locations in the future (upon Defendants' compliance with an Order of this Court requiring Defendants to remedy the ADA violations at issue) in order to utilize all of the goods, services facilities, privileges, advantages and/or accommodations offered at the Atlantic Travel Locations; however, in light of their disabilities, unless and until the Atlantic Travel Locations are brought into full compliance with the ADA and its implementing regulations, Plaintiff and the Class will remain unable to fully, properly, and safely access the Atlantic Travel Locations and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

46. Pursuant to ADA, 42 U.S.C. §1201 et. Seq. and the Accessibility Standards, the Defendants were required to make the Premises, places of public accommodation,

accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

47. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Atlantic Travel Locations to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Atlantic Travel Locations until the requisite modifications are completed.

## COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

48. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "47" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

49. The New York City Human Rights Law provides:

   a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…
   NYC Admin. Code §8-107(4)(a).

50. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Atlantic Travel Locations.

51. The Defendants' unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Admin. Code §8-502.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "51" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

53. The New York State Human Rights Law provides:

   a. It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

   NYS Exec. Law §296 (2)(a).

54. Defendants' Premises is a place of public accommodation as defined in the New York State Human Right Law.

55. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

56. Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Atlantic Travel Locations.

## PRAYER FOR RELIEF

57. The Plaintiff and Class demand compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights under New York State Human Rights Law and City Claw, including compensatory damages contemplated by §297(4)(c), plus punitive damages pursuant to the Administrative Code of the City of New York.

58. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Atlantic Travel Locations to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

59. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

**WHEREFORE**, the Plaintiff, for the Class, hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

  a. Certifying this action as a Class Action;

  b. Naming the Plaintiff as the representatives Named Class Plaintiff on behalf of all absent Class members;

c. Appointing The Marks Law Firm, PC as Class Counsel for all purposes in this action;

d. Granting the Plaintiff and all Class members all injunctive, monetary and other relief available under applicable law, including but not limited to:

   i. The Court declares the Atlantic Travel Locations owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

   ii. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §36.504 (a) which directs Defendants to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendants' facilities come into compliance with the relevant requirements of the ADA to ensure that Defendants have adopted and is following an institutional policy that will in fact;

   i. Cause Defendants to remain fully in compliance with the law;

   ii. The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow the Defendants to undertake and complete corrective procedures to the Atlantic Travel Locations;

   iii. The Court enter an order requiring the closure of each of the Atlantic Travel Locations until such time as the location has been brought into full compliance with the ADA and ADAAG;

   iv. An award to each member of the Class equal to the maximum amount permitted by the NYSHRL and/or NYCHRL

e. Granting Class Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort and hard costs invested, and results obtained, in light of the Court's judgment

    informed by awards in other similar cases of comparable difficulty and

    complexity.

  f. The Court award such other and further relief as this Court deems necessary, just

    and proper.

Dated: New York, New York
    April 4, 2019

              THE MARKS LAW FIRM, PC

              By: _____
               BRADLY G. MARKS
               175 Varick Street, 3rd Fl
               New York, NY 10014
               T:(646) 770-3775
               F: (646) 770- 2639
               brad@markslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself, and all others similarly situated,

                                                  Plaintiff,

        -against-

JORGE ALDAZ, ATLANTIC TRAVEL EXPRESS OF NEW YORK, INC.,
ATLANTIC TRAVEL EXPRESS MULTISERVICES INC., AND ATLANTIC TRAVEL SERVICES INC.,

                                                  Defendants,

**SUMMONS AND COMPLAINT**

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
175 Varick Street, 3rd FL
New York, NY 10014