# THE MARKS LAW FIRM, P.C.

April 22, 2020

<u>VIA ECF</u>
Honorable Sanket J. Bulsura
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza E
Brooklyn, New York 11201

RE: <u>Bonifacio v. Jorge Aldaz et al</u>
Case no. 1:19-cv-02168-LDH-SJB

Dear Judge Bulsura,

We are counsel to Plaintiff in the above-referenced matter. We write to respectfully request that the Court compel Defendants' to supplement their responses to Plaintiff's various discovery requests (Request to Admit, depositions, Interrogatories, and document demands) (*See* Exhibit A) and to compel Defendants to produce Individual Defendants for depositions. Defendants initial responses are full of evasive responses based on improper objections (*See* Exhibit B)

On March 04, 2020, Plaintiff emailed Defendants for a meet and confer, pursuant to Local Rule 26.4 and Federal Rule 37(a)(1), regarding the attached deficiency letter (in additional to months of discussing discovery/resolution. (*See* Exhibit C).  The parties ultimately met and conferred by phone on March 09, 2020 regarding the attached discovery responses and their deficiencies in their responses (the "Meet and Confer"). The deficiencies discussed are applied to *all* of the responses since Defendant merely objected to *all* demands and provided absolutely nothing for both interrogatories and document demands. Further, Defendant simply has not responded to the requests to admit at all. Defendant failed to provide leases, financials, ADA related documents, Deeds, inspections – at least base do the representation that their clients have performed remedial measures) so any remedial documents, etc. Defendant has provided nothing beyond a generic objection to all demands, without justification. Defendant asked what specific demand was at issue, to which we restated "all," and offered to stay on the phone with Defense counsel an go through each demand one at a time to clarify or answer any questions, which Defendant refused. Defendant also failed to appear for a deposition, and Defendant failed to follow through on Plaintiffs depositions in August, 2019, despite Plaintiff being ready and willing to appear.

During the meet and confer, our office explained the above on-going issues, and Defense counsel ended the call abruptly. However, the parties did agree as follows – as confirmed by email in *Exhibit B*:

1) Defendants will each supplement their discovery responses by March 13, 2020.

2) Plaintiff will appear for a deposition in the afternoon of March 31, 2020 (12 PM).

175 Varick Street, 3rd FL, New York, New York 10014
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

# THE MARKS LAW FIRM, P.C.

Location TBD once Defendants notify our office.

3) Defendants Deposition is to be produced on April 2, 2020 (10 am) - location - Jay Dietz Court reporting - the Channing Building. Defendant confirmed they are producing one person for all Defendants;

4) Plaintiff will call the mediation office to randomly assign a mediator – agreeing the first week in April is preferred for Defendant.

Defendants objections to the interrogatories is wholly without merit and should be deemed waived. Fed. R. Civ. P. 33(c). A party wishing to object to an interrogatory may not merely repeat the "familiar litany that the interrogatories are burdensome, oppressive or overly broad," but rather must "specifically" show how the interrogatory "is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). An objection based upon burdensomeness of an interrogatory "must be considered waived" if it is not "stated with specificity." Nagele v. Elec. Data Sys. Corp., 193 F.R.D. 94, 111 (W.D.N.Y. 2000).

Further, Defendants objections to the document discovery and interrogatories based on relevance are wholly without merit as well. Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc., 437 U.S. 340, 351 (1978); Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"). This Court has held that the "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." Apicella v. McNeil Labs, 66 F.R.D. 78, 82 (E.D.N.Y. 1975). In Apicella, this Court further noted that the "liberal" discovery rules tend "toward admitting as much evidence as possible so that the facts may be more accurately determined." Id. Plaintiff is entitled to discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

On March 12, 2020, Defense Counsel sent an email stating: "Please note that I am making arrangements to begin working remotely in light of the COVID-19 issue. This may complicate our ability to produce supplemented discovery for *Aldaz*." However, despite our various follow-ups, Defendant has failed to supplement their discovery responses despite their promise to do so. Defendant, from the time they joined issue, has engaged in various delay tactics requesting numerous adjournments, to the point the court began denying their requests *see* Dkt 21 order dated 12/19/19. Defendant, now conveniently relies on the Covid-19 Pandemic as the reason for their failure to adequately respond to discovery or conduct depositions since their initial response on September 9, 2019. While this court should take into consideration the

175 Varick Street, 3rd FL, New York, New York 10014
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

## THE MARKS LAW FIRM, P.C.

hardship the current pandemic has placed on all parties, it cannot be an excuse for Defendants delays stemming since they appeared in this Action.

On April 8, 2020, Your Honor denied the parties' request for a stay, however did generously provide the parties an extended mediation date of May 25 2020 [Dkt 27] and fact discovery deadline as April 24, 2020. Plaintiff's counsel emailed Defendants and mediation office on March 30, 2020 to select a mediation immediately, yet on April 9, 2020, Defense counsel refused to schedule a mediation to hopefully resolve all issues relying on Covid-19 shuttering their business (*See Exhibit D*). Regardless on April 9, 2020, Your Honor set an in-person settlement conference with all parties present on June 22, 2020, and will hopefully resolve then.

Accordingly, the movant has in good faith conferred with Defendants in an effort to obtain the discovery sought without court action, to no avail. For the foregoing reasons, Plaintiff respectfully requests that the Court compel Defendants (1) to supplement their responses to Plaintiff's Interrogatory Requests, (2) to supplement their responses to Plaintiff's Document Requests (3) deem all requests to admit as admitted since the time to object or respond as passed and (4) to produce Individual Defendants for depositions.

We thank the Court for considering this matter.

`

Respectfully submitted,

The Marks Law Firm, P.C.

By: _____
        Bradly G. Marks, Esq
        Attorney for Plaintiff

175 Varick Street, 3rd FL, New York, New York 10014
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com