# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
PRISCILIANO  CRISTOBAL  BONIFACIO,  on  behalf  of
himself and all others similarly situated,

                     Plaintiff(s),

    v.

JORGE ALDAZ, ATLANTIC TRAVEL EXPRESS OF
NEW YORK, INC., ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND ATLANTIC TRAVEL
SERVICES INC.,

                          Defendant(s).
---------------------------------------X

**FIRST REQUESTS TO
ADMIT**

*Civil Action No.*
1:19-cv-02168-LDH-SJB

## PLAINTIFF'S FIRST REQUEST FOR AN ADMISSION

Plaintiff PRISCILIANO CRISTOBAL BONIFACIO ("Plaintiff"), hereby submits the

following First Request For An Admission to ATLANTIC TRAVEL SERVICES INC.

("Defendant"), pursuant to Rule 36 of the Federal Rules of Civil Procedure. Documents

should be copies and sent to Plaintiff's counsel on the date your response is due:

## PRELIMINARY STATEMENT

1.  If Defendant fails to respond to object to any request within 30 days of the service
    of the Requests, the matter shall be deemed admitted under Rule 36.

2.  As is more fully set out in Rule 36(a), the Defendant must admit or deny each
    request, and where necessary, specify the parts of each request to which it objects
    or cannot in good faith admit or deny. In the event that the Defendant objects or
    denies any request or portion of a Request, the Defendant must state the reason
    for its objections or denial.

3.  These Requests shall be deemed continuing and supplemental answers shall be
    required if you directly or indirectly obtain further information after your initial

response as provided by Rule 26(e).

4.  Each Request solicits all information obtainable by Defendant, from Defendant's attorneys, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

<u>FIRST SET OF REQUESTS FOR ADMISSION</u>

1.  Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant is the lessor of a commercial premises:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

2.  Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant is the owner of a commercial premises:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

3. Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant was the landlord that leased commercial space at the premises:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

4. Admit or deny that Defendant operated a place of public accommodation:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

5. Admit or deny Defendant operated an establishment which provides goods and services to the public:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

6. Admit or deny Defendant operated an establishment under the name containing, in whole or in part, "Atlantic Travel" which provides goods and services to the public:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

7. Admit or deny that Defendant has begun operations and/or undergone remodeling since January 26, 1990 at the premises:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

8. Admit or deny that Defendant has begun operations and/or undergone repairs since January 26, 1990 at the premises:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

     d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

     e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

     f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

     g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

9. Admit or deny that Defendant has begun operations and/or undergone alterations since January 26, 1990 at the premises:

     a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

     b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

     c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

     d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

     e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

     f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

     g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

10. Admit or deny that Defendant's facility located at 105 Graham Avenue, Brooklyn, New York 11206 lacks:

     i.  An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

     ii.  An accessible check-out/service counters not provided in violation of ADAAG 904.

     iii.  Required directional and information signage not provided in violation of ADAAG 216.

     iv.  An accessible features throughout the premises (clear isles/path throughout the premises).

     v.  A policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

11. Admit or deny that Defendant's facility located at 5219 4th Avenue, Brooklyn, New York 11220 lacks:

    i.    Required accessible check-out/service counters not provided in violation of ADAAG 904.

    ii.    Required ground space and turning space not provided in violation of ADAAG 402 and 403.

    iii.    Accessible seating for the computers.

    iv.    An accessible restroom.

    v.    Required directional and information signage not provided in violation of ADAAG 216.

    vi.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

12. Admit or deny that Defendant's facility located at 1473 Myrtle Avenue, Brooklyn, New York 11237 lacks:

    i.    An accessible entrance due rise more than ½ inch at the main and only entrance in violation of ADAAG 206 and 303.

    ii.    Required accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.    Accessible seating for the computers.

    iv.    An accessible restroom.

    v.    Accessible phone booths.

    vi.    Required directional and information signage not provided in violation of ADAAG 216.

vii.   Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

13. Admit or deny that Defendant's facility located at <u>191 Wyckoff Avenue, Brooklyn, New York</u> 11237 lacks:

    i.   An accessible entrance due to the steps at the main and only entrance in violation of ADAAG 206 and 303.

    ii.   Accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.   Accessible seating for the computers.

    iv.   An accessible restroom.

    v.   Accessible phone booths.

    vi.   Required directional and information signage not provided in violation of ADAAG 216.

    vii.   Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

14. Admit or deny that Defendants restaurant located at <u>4716 4th Avenue, Brooklyn, New York</u> 11220 lacks:

    i.   An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii.   Accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.   Accessible seating for the computers.

    iv.   Accessible phone booths.

> v. Required directional and information signage not provided in violation of ADAAG 216.
>
> vi. Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

15. Admit or deny that Defendants restaurant located at 5924 5th Avenue, Brooklyn, New York 11220 lacks:

> i. An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.
>
> ii. Accessible check-out/service counters not provided in violation of ADAAG 904.
>
> iii. Accessible seating for the computers.
>
> iv. Accessible phone booths.
>
> v. Required directional and information signage not provided in violation of ADAAG 216.
>
> vi. Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

16. Admit or deny that Defendant's facility located at 8514 19th Avenue, Brooklyn, New York 11214 lacks:

> i. An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.
>
> ii. Accessible check-out/service counters not provided in violation of ADAAG 904.
>
> iii. Required directional and information signage not provided in violation of ADAAG 216.

      iv.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

17. Admit or deny that Defendant has engaged in renovations of the below listed premises, in an aggregate amount exceeding $3,000,000 since January 26, 1990:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

2. Admit or deny that Atlantic Travel Locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

18. Admit or deny that Defendant is the proper party to this action.

19. Admit or deny that Defendant is unaware of other necessary parties to this action.

20. Admit or deny that after initiating this action, Defendant has made structural remedial steps in efforts to comply with the Americans with Disabilities Act.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff reserve the rights to

supplement and or amend these responses during the course of this litigation up to and

including the conclusion of trial of this action.

Dated: October 25, 2019

THE MARKS LAW FIRM, P.C.

By: _____
Bradly G. Marks
175 Varick St., 3rd Floor
New York, New York, NY 10014
Phone: (646) 70-3775
Fax: (646) 867-2639
brad@markslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRISCILIANO CRISTOBAL
BONIFACIO, on behalf of himself and all
others similarly situated,

                Plaintiff,

      vs.

JORGE ALDAZ, ATLANTIC TRAVEL
EXPRESS OF NEW YORK, INC.,
ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND
ATLANTIC TRAVEL SERVICES INC.,

                Defendant.

**PLAINTIFF'S FIRST AMENDED REQUEST
FOR INTERROGATORIES**
*Civil Action No.*
1:19-cv-02168-LDH-SJB

           **PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself and all others similarly situated, by and through his counsel, The Marks Law Firm, PC, serves the following interrogatories upon the Defendant, JORGE ALDAZ ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to Fed.R.Civ.P. 33 and Civ. RULE 33.1.

1.    Provide the name, address, telephone number, place of employment and job title of all persons who have, claims to have or whom you believe to have knowledge or information pertaining to any act alleged in the pleadings (as defined in FRCP 7(a)), filed in this action, or facts underlying the subject matter of this action.

2.    State the specific nature and substance of the knowledge that you believe the

person(s) identified in your response to Interrogatory number 1 may have.

3.     Identify all architects and/or ADA experts retained by Defendant from January 1, 1990 though date of this demand as related to the Atlantic Travel Locations.

4.     Identify all construction contractors retained by Defendant from January 1, 1990 though date of this demand as related to the Atlantic Travel Locations.

5.     State the names, addresses, representatives of all entitled that own or operate any part of the public accommodations described in the Complaint and state the specific nature of that entity's interest in the Atlantic Travel Locations.

6.     State in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

7.     Identify all documents related to the ownership and operation of the Atlantic Travel Locations including pertinent insurance agreement, deeds, and leases pertaining to the facts alleged in the Complaint.

        **PLEASE TAKE NOTICE** that, in the event you fail to furnish said interrogatories within said period of thirty (30) days, a motion will be made for an order precluding Defendant from offering any evidence at the trial of the above action for which particulars have not been furnished.

        **PLEASE TAKE NOTICE** that you are under a continuous obligation to supplement to supplement your answers to these interrogatories under the circumstances specified in Fed.R.Civ.P. 26(e)

Dated: New York, New York
October 25, 2019

                                        THE MARKS LAW FIRM, P.C.


                                By: _____
                                        Bradly G. Marks
                                        175 Varick Street, 3rd Fl
                                        New York, NY 10014

T: (646) 770 – 3775
brad@bmarkslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRISCILIANO CRISTOBAL
BONIFACIO, on behalf of himself and all
others similarly situated,

              Plaintiff,

    vs.


JORGE ALDAZ, ATLANTIC TRAVEL
EXPRESS OF NEW YORK, INC.,
ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND
ATLANTIC TRAVEL SERVICES INC.,

              Defendant.

**PLAINTIFFS FIRST AMENDED
REQUEST TO PRODUCE**
*Civil Action No.*
1:19-cv-02168-LDH-SJB

        **PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself and all others similarly situated, by and through his counsel, The Marks Law Firm, PC, serves the following **REQUEST TO PRODUCE** upon the Defendant, JORGE ALDAZ ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to FRCP Rule 34.

## DEFINITIONS

1. "ADA" shall mean and refer to the Americans with Disabilities Act, 42 U.S.C § 12181-12189.

2. "And" and "or," embrace both the conjunctive and disjunctive, as circumstances may make appropriate.

3. "Document," "documents," and "documentation" are intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure, and

include, without limitation, all communications, as well as all letters, correspondence, memoranda, notes, telegrams, pamphlets, manuals, reports, ledgers, records, studies, books, working papers, diaries, calendars, charts, papers, drawings, plans, blueprints, specifications, sketches, graphs, data sheets, data processing cards, tapes, sound recordings, and every manner of written, printed or recorded graphic or photographic matter, sound reproduction, magnetic impulse or computer entry, including electronic mail or correspondence via computer; however any of the above may be produced, reproduced, reduced, recorded, punched, stored, taped, transcribed or received; and documents which are now or were formerly in your possession, custody, or subject to your control, including all documents stored at any warehouse or storage facility. You need not produce identical copies of documents. However, handwritten or other notations of any kind on a copy of a document render such a document nonidentical and subject to production. Further, the term "document," "documents," or "documentation," shall include all pages, attachments, and inclusions or enclosures, whether in draft or final form.

4. Identify," "identification," or "listing," when referring to a natural person or employee, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, his or her present or last known home address, his or her present or last known business affiliation and address, title, and occupation, and a telephone number where that person can be reached. With respect to a corporation or other entity which is not a natural person, the full name of such organization or entity,

the form of such organization (i.e., corporation, partnership, etc.) and the address

of the principal office or place of business of such organization or entity.

5. "Atlantic Travel Locations" shall be defined as the locations and real property

owned and operated by Defendant including but not limited to the following

locations: (a) 105 Graham Avenue, Brooklyn, New York 11206; (b) 5219 4th

Avenue Brooklyn, New York 11220; (c) 1473 Myrtle Avenue, Brooklyn, New

York 11237; (d) 191 Wyckoff Avenue, Brooklyn, New York 11237; (e) 4716 4th

Avenue Brooklyn, New York 11220; (f) 5924 5th Avenue, Brooklyn, New York

11220; (g) 8514 19th Avenue, Brooklyn, New York 11214 (collectively referred to

hereinafter as the "Atlantic Travel Locations").

6. "Person," unless otherwise specified, means a natural person, firm, partnership,

trust, estate, association, corporation, proprietorship, governmental body,

governmental agency, commission, or any other organization or entity.

7. "Reflecting," "referring to," or "relating to," means discussing, describing,

reflecting, containing, analyzing, studying, reporting on, commenting on,

evidencing, constituting, setting forth, explaining, considering recommending,

concerning or pertaining to, in whole or in part.

8. "ADA Standards" shall mean and refer to each of 28 C.F.R. pt. 36 Appendix A;

28 C.F.R. pt. 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191,

appendices B and D.

9. "NY Accessibility Standards" shall mean and refer to each of Subchapter Four

Subarticle Two of the 1968 New York City Building Code (Local Law 58 of

1987) and Chapter 11 of the 2008 New York City Building Code all referenced

standards noted in each of the foregoing.

10. "DOB" shall mean and refer to the New York City Department of Buildings.

## PRODUCTION INSTRUCTIONS

1.  In producing documents in response to the attached request, you are requested to identify and furnish all documents in your possession, custody, or control, or in the possession, custody, or control of your employees, representatives, and agents, including non-privileged documents in the possession, custody, or control of counsel.

2.  Wherever or whenever responsive information relating to any Document or answer to Document is withheld on the claim of privilege, state the basis for the claim or privilege.  If such claim of privilege relates to a Document, identify the author, addressee and all recipients of copies of the Document, setting forth the date and general subject matter thereof, and state the basis for the claim for privilege.  Whenever a claim or privilege is made with respect to any oral communication or statement, identify the participants to the communication and/or the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof, and state the basis for the claim of privilege.

3.  If any of the documents cannot be produced in full, produce to the extent possible, and specify the reasons for the inability to produce the remainder.

4.  In the event that any document called for by the attached request has been destroyed, discarded, transferred, or otherwise disposed of, that document is to be identified as completely as possible, including, but not limited to, the following information: its date; its author; a description of the type of document; the names and job titles of all addressees; and all other persons to whom the document was distributed; a summary of the content of the document; a description of its

attachments or appendices; the date of disposal; the reason for disposal; the names and job titles of all persons who authorized disposal; and the names and job titles of all persons who disposed of the document.

5. Each Document calls for not only your knowledge, belief and information, but also for knowledge, belief, and information available to you by reasonable inquiry, including inquiry of your representatives, attorneys and others' acting on your behalf.

6. In providing the documents responsive to the attached request, you are asked to organize and label the documents so as to identify the request(s) to which they are responsive.

7. The obligation to produce documents or things responsive to the Request is continuing in nature. If, at any time, Defendant learns that the disclosure or response is incomplete or incorrect, and if the additional or corrective information or document has not otherwise been made known to Defendant during the disclosure process, Defendant must supplement or correct the disclosure or response immediately.

## NOTICE DECLINING SERVICE BY MEANS OF ELECTRONIC OR FACSIMILE TRANSMITTAL

**PLEASE TAKE NOTICE**, that pursuant to FRCP, the undersigned will not accept service of papers, notices, motions, by facsimile (fax), electronic transmittal or by any other electronic means.

## DEMAND FOR DOCUMENTS

1. Produce the deed to the Atlantic Travel Locations described in the complaint.

2. Produce the lease, if any, for the Atlantic Travel Locations described in the complaint.

3.  Produce all leases entered into between the Defendant, if any, for the Atlantic Travel Locations described in the complaint.

4.  Produce all documents which reflect and/or relate to all remodeling of, construction on, and/or alterations to the Atlantic Travel Locations and the buildings thereon, which are the subject of this action from January 1, 1990 through date of this demand.

5.  Produce all contracts, work orders, receipts, reports, architectural plans, and agreements reflecting and/or relating to the remodeling of, renovation of, construction on and/or alterations to the Atlantic Travel Locations and the building thereon, which are the subject of this action from January 1, 1990 through date of this demand.

6.  Produce all architect and/or engineer reports, plans and studies from January 1, 1990 through date of this demand relating to modifications needed and/or performed to the Atlantic Travel Locations and the buildings thereon in order to comply with the ADA.

7.  Produce all documents which reflect and/or relate to all sums paid by or on behalf of Defendant and/or its predecessors in interest for the remodeling of construction on and/or alteration to the Atlantic Travel Locations and the buildings thereon which are subject of this complaint from January 1, 1990 through date of this demand.

8.  Produce all building permits applied for and/or obtained from January 1, 1990 through date of this demand with regards to the Atlantic Travel Locations subject to this litigation.

9.  Produce all preliminary, draft, amended, and corrected surveys, architectural plans, drawings, designs (including feasible studies), construction plans, zoning

studies, studies and/or surveys which relate to applications to the DOB (including correspondence, notes, comments, objections, response to objections, feasibility studies and inspection reports), for or relating to the Atlantic Travel Locations.

10. Produce all documentation relating to, referring to, or reflecting waivers being sought, waivers being granted, and waivers being denied by the DOB, or any other New York City agency or official that in any way impacts upon accessibility for persons with disabilities for the Atlantic Travel Locations.

11. Produce all documents and reports which reflect and/or relate to all work, if any, considered, planned and/or undertaken by or suggested to the Defendant and/or its predecessors in interest since January 1, 1990 regarding the Atlantic Travel Locations which is subject to this litigation, in order to modify it so that is complies with the requirements of the Americans With Disabilities Act.

12. Produce all internal or third-party analysis, studies, or notes relating to the compliance of the design and construction of the Atlantic Travel Locations with each of the ADA Standards and the NY Accessibility Standards.

13. Produce all documents relating to, referring to, or reflecting compliance with each of the ADA Standards and the NY Accessibility Standards including any type(s) of checklist(s) for compliance with the ADA Standards and NY Accessibility Standards (including all completed or partially completed checklists) for the Atlantic Travel Locations.

14. Produce all documents relating to, referring to, or reflecting review, consideration, advice or information about wheelchair accessible entrances, wheelchair accessible sales and service counters, wheelchair accessible reach ranges, wheelchair accessible restrooms, wheelchair accessible routes, wheelchair accessible tables, bars and seating or changes to entrances in order to comply with

the ADA Standards and the NY Accessibility Standards for the Atlantic Travel Locations.

15. Produce all documents which reflect the Defendant and/or its predecessor(s) in interest's gross revenue derived from the Atlantic Travel Locations for each year from January 1, 1990 to date including, without limitation, tax returns, income statement, and application and/or information provided to lenders.

16. Produce all documents which reflect and/or relate to expenses incurred and/or paid by or on behalf of Defendant and/or its predecessor(s) in interest regarding the Atlantic Travel Locations for each year from January 1, 1990 through date of this demand.

17. Produce all documents, which reflect and/or relate to amount expended to modify the Atlantic Travel Locations to assure their compliance with ADA since January 1, 1990.

18. All documents, which reflect Defendant's compliance with the ADA from an expert or government agency.

19. All notices, demands and/or violations received by Defendant and/or its predecessor(s) in interest, and/or their representative(s), from an individual, entity and/or county, municipal or other government agency which reflect and/or relate to ADA violations, violations of other state or federal laws, pertaining to accessibility for individuals with disabilities, and/or notices regarding accessibility for individuals with disabilities or lack thereof.

**PLEASE TAKE NOTICE** that, in the event you fail to furnish said interrogatories within said period of thirty (30) days, a motion will be made for an order precluding Defendant from offering any evidence at the trial of the above action for which particulars have not been furnished.

**PLEASE TAKE NOTICE**  that you <u>are under a continuous obligation to</u>

<u>supplement to supplement your answers under the circumstances specified in</u>

<u>Fed.R.Civ.P. 26(e)</u>

Dated: New York, New York
October 25, 2019

THE MARKS LAW FIRM, P.C.


By:_____
      Bradly G. Marks
      175 Varick Street, 3rd Fl
      New York, NY 10014
      T: (646) 770 – 3775
      brad@markslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRISCILIANO CRISTOBAL
BONIFACIO, on behalf of himself and all
others similarly situated,

               Plaintiff,

     vs.

JORGE ALDAZ, ATLANTIC TRAVEL
EXPRESS OF NEW YORK, INC.,
ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND
ATLANTIC TRAVEL SERVICES INC.,

               Defendant.

**<u>PLAINTIFF'S FIRST AMENDED REQUEST
FOR INTERROGATORIES</u>**
*Civil Action No.*
1:19-cv-02168-LDH-SJB

       **PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself and all others similarly situated, by and through his counsel, The Marks Law Firm, PC, serves the following interrogatories upon the Defendant, ATLANTIC TRAVEL EXPRESS OF NEW YORK, INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to Fed.R.Civ.P. 33 and Civ. RULE 33.1.

1.   Provide the name, address, telephone number, place of employment and job title of all persons who have, claims to have or whom you believe to have knowledge or information pertaining to any act alleged in the pleadings (as defined in FRCP 7(a)), filed in this action, or facts underlying the subject matter of this action.

2.   State the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory number 1 may have.

3.   Identify all architects and/or ADA experts retained by Defendant from January 1, 1990 though date of this demand as related to the Atlantic Travel Locations.

4.   Identify all construction contractors retained by Defendant from January 1, 1990 though date of this demand as related to the Atlantic Travel Locations.

5.   State the names, addresses, representatives of all entitled that own or operate any part of the public accommodations described in the Complaint and state the specific nature of that entity's interest in the Atlantic Travel Locations.

6.   State in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

7.   Identify all documents related to the ownership and operation of the Atlantic Travel Locations including pertinent insurance agreement, deeds, and leases pertaining to the facts alleged in the Complaint.

**PLEASE TAKE NOTICE** that, in the event you fail to furnish said interrogatories within said period of thirty (30) days, a motion will be made for an order precluding Defendant from offering any evidence at the trial of the above action for which particulars have not been furnished.

**PLEASE TAKE NOTICE** that you are under a continuous obligation to supplement to supplement your answers to these interrogatories under the circumstances specified in Fed.R.Civ.P. 26(e)

Dated: New York, New York
October 25, 2019

THE MARKS LAW FIRM, P.C.

By: _____

Bradly G. Marks

175 Varick Street, 3rd Fl
New York, NY 10014
T: (646) 770 – 3775
brad@bmarkslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRISCILIANO CRISTOBAL
BONIFACIO, on behalf of himself and all
others similarly situated,

                Plaintiff,

vs.



JORGE ALDAZ, ATLANTIC TRAVEL
EXPRESS OF NEW YORK, INC.,
ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND
ATLANTIC TRAVEL SERVICES INC.,

                Defendant.

**PLAINTIFFS FIRST AMENDED
REQUEST TO PRODUCE**
*Civil Action No.*
1:19-cv-02168-LDH-SJB

 

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself and all others similarly situated, by and through his counsel, The Marks Law Firm, PC, serves the following **REQUEST TO PRODUCE** upon the Defendant, ATLANTIC TRAVEL EXPRESS OF NEW YORK, INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to FRCP Rule 34.

## DEFINITIONS

1. "ADA" shall mean and refer to the Americans with Disabilities Act, 42 U.S.C § 12181-12189.

2. "And" and "or," embrace both the conjunctive and disjunctive, as circumstances may make appropriate.

3. "Document," "documents," and "documentation" are intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure, and include, without limitation, all communications, as well as all letters, correspondence, memoranda, notes, telegrams, pamphlets, manuals, reports, ledgers, records, studies, books, working papers, diaries, calendars, charts, papers, drawings, plans, blueprints, specifications, sketches, graphs, data sheets, data processing cards, tapes, sound recordings, and every manner of written, printed or recorded graphic or photographic matter, sound reproduction, magnetic impulse or computer entry, including electronic mail or correspondence via computer; however any of the above may be produced, reproduced, reduced, recorded, punched, stored, taped, transcribed or received; and documents which are now or were formerly in your possession, custody, or subject to your control, including all documents stored at any warehouse or storage facility. You need not produce identical copies of documents. However, handwritten or other notations of any kind on a copy of a document render such a document nonidentical and subject to production. Further, the term "document," "documents," or "documentation," shall include all pages, attachments, and inclusions or enclosures, whether in draft or final form.

4. Identify," "identification," or "listing," when referring to a natural person or employee, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, his or her present or last known home address, his or her present or last known business affiliation and address, title, and occupation, and a telephone number where that person can be reached. With respect to a corporation or other

entity which is not a natural person, the full name of such organization or entity,

the form of such organization (i.e., corporation, partnership, etc.) and the address

of the principal office or place of business of such organization or entity.

5. "Atlantic Travel Locations" shall be defined as the locations and real property

owned and operated by Defendant including but not limited to the following

locations: (a) 105 Graham Avenue, Brooklyn, New York 11206; (b) 5219 4th

Avenue Brooklyn, New York 11220; (c) 1473 Myrtle Avenue, Brooklyn, New

York 11237; (d) 191 Wyckoff Avenue, Brooklyn, New York 11237; (e) 4716 4th

Avenue Brooklyn, New York 11220; (f) 5924 5th Avenue, Brooklyn, New York

11220; (g) 8514 19th Avenue, Brooklyn, New York 11214 (collectively referred to

hereinafter as the "Atlantic Travel Locations").

6. "Person," unless otherwise specified, means a natural person, firm, partnership,

trust, estate, association, corporation, proprietorship, governmental body,

governmental agency, commission, or any other organization or entity.

7. "Reflecting," "referring to," or "relating to," means discussing, describing,

reflecting, containing, analyzing, studying, reporting on, commenting on,

evidencing, constituting, setting forth, explaining, considering recommending,

concerning or pertaining to, in whole or in part.

8. "ADA Standards" shall mean and refer to each of 28 C.F.R. pt. 36 Appendix A;

28 C.F.R. pt. 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191,

appendices B and D.

9. "NY Accessibility Standards" shall mean and refer to each of Subchapter Four

Subarticle Two of the 1968 New York City Building Code (Local Law 58 of

1987) and Chapter 11 of the 2008 New York City Building Code all referenced

standards noted in each of the foregoing.

10. "DOB" shall mean and refer to the New York City Department of Buildings.

## PRODUCTION INSTRUCTIONS

1. In producing documents in response to the attached request, you are requested to identify and furnish all documents in your possession, custody, or control, or in the possession, custody, or control of your employees, representatives, and agents, including non-privileged documents in the possession, custody, or control of counsel.

2. Wherever or whenever responsive information relating to any Document or answer to Document is withheld on the claim of privilege, state the basis for the claim or privilege.  If such claim of privilege relates to a Document, identify the author, addressee and all recipients of copies of the Document, setting forth the date and general subject matter thereof, and state the basis for the claim for privilege.  Whenever a claim or privilege is made with respect to any oral communication or statement, identify the participants to the communication and/or the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof, and state the basis for the claim of privilege.

3. If any of the documents cannot be produced in full, produce to the extent possible, and specify the reasons for the inability to produce the remainder.

4. In the event that any document called for by the attached request has been destroyed, discarded, transferred, or otherwise disposed of, that document is to be identified as completely as possible, including, but not limited to, the following information: its date; its author; a description of the type of document; the names and job titles of all addressees; and all other persons to whom the document was

distributed; a summary of the content of the document; a description of its

attachments or appendices; the date of disposal; the reason for disposal; the names

and job titles of all persons who authorized disposal; and the names and job titles

of all persons who disposed of the document.

5.  Each Document calls for not only your knowledge, belief and information, but

also for knowledge, belief, and information available to you by reasonable

inquiry, including inquiry of your representatives, attorneys and others' acting on

your behalf.

6.  In providing the documents responsive to the attached request, you are asked to

organize and label the documents so as to identify the request(s) to which they are

responsive.

7.  The obligation to produce documents or things responsive to the Request is

continuing in nature. If, at any time, Defendant learns that the disclosure or

response is incomplete or incorrect, and if the additional or corrective information

or document has not otherwise been made known to Defendant during the

disclosure process, Defendant must supplement or correct the disclosure or

response immediately.


## NOTICE DECLINING SERVICE BY MEANS OF ELECTRONIC OR FACSIMILE TRANSMITTAL

**PLEASE TAKE NOTICE**, that pursuant to FRCP, the undersigned will not

accept service of papers, notices, motions, by facsimile (fax), electronic

transmittal or by any other electronic means.

## DEMAND FOR DOCUMENTS

1.  Produce the deed to the Atlantic Travel Locations described in the complaint.

2.  Produce the lease, if any, for the Atlantic Travel Locations described in the

complaint.

3. Produce all leases entered into between the Defendant, if any, for the Atlantic Travel Locations described in the complaint.

4. Produce all documents which reflect and/or relate to all remodeling of, construction on, and/or alterations to the Atlantic Travel Locations and the buildings thereon, which are the subject of this action from January 1, 1990 through date of this demand.

5. Produce all contracts, work orders, receipts, reports, architectural plans, and agreements reflecting and/or relating to the remodeling of, renovation of, construction on and/or alterations to the Atlantic Travel Locations and the building thereon, which are the subject of this action from January 1, 1990 through date of this demand.

6. Produce all architect and/or engineer reports, plans and studies from January 1, 1990 through date of this demand relating to modifications needed and/or performed to the Atlantic Travel Locations and the buildings thereon in order to comply with the ADA.

7. Produce all documents which reflect and/or relate to all sums paid by or on behalf of Defendant and/or its predecessors in interest for the remodeling of construction on and/or alteration to the Atlantic Travel Locations and the buildings thereon which are subject of this complaint from January 1, 1990 through date of this demand.

8. Produce all building permits applied for and/or obtained from January 1, 1990 through date of this demand with regards to the Atlantic Travel Locations subject to this litigation.

9. Produce all preliminary, draft, amended, and corrected surveys, architectural

plans, drawings, designs (including feasible studies), construction plans, zoning

studies, studies and/or surveys which relate to applications to the DOB (including

correspondence, notes, comments, objections, response to objections, feasibility

studies and inspection reports), for or relating to the Atlantic Travel Locations.

10. Produce all documentation relating to, referring to, or reflecting waivers being

sought, waivers being granted, and waivers being denied by the DOB, or any

other New York City agency or official that in any way impacts upon accessibility

for persons with disabilities for the Atlantic Travel Locations.

11. Produce all documents and reports which reflect and/or relate to all work, if any,

considered, planned and/or undertaken by or suggested to the Defendant and/or its

predecessors in interest since January 1, 1990 regarding the Atlantic Travel

Locations which is subject to this litigation, in order to modify it so that is

complies with the requirements of the Americans With Disabilities Act.

12. Produce all internal or third-party analysis, studies, or notes relating to the

compliance of the design and construction of the Atlantic Travel Locations with

each of the ADA Standards and the NY Accessibility Standards.

13. Produce all documents relating to, referring to, or reflecting compliance with each

of the ADA Standards and the NY Accessibility Standards including any type(s)

of checklist(s) for compliance with the ADA Standards and NY Accessibility

Standards (including all completed or partially completed checklists) for the

Atlantic Travel Locations.

14. Produce all documents relating to, referring to, or reflecting review, consideration,

advice or information about wheelchair accessible entrances, wheelchair

accessible sales and service counters, wheelchair accessible reach ranges,

wheelchair accessible restrooms, wheelchair accessible routes, wheelchair

accessible tables, bars and seating or changes to entrances in order to comply with the ADA Standards and the NY Accessibility Standards for the Atlantic Travel Locations.

15. Produce all documents which reflect the Defendant and/or its predecessor(s) in interest's gross revenue derived from the Atlantic Travel Locations for each year from January 1, 1990 to date including, without limitation, tax returns, income statement, and application and/or information provided to lenders.

16. Produce all documents which reflect and/or relate to expenses incurred and/or paid by or on behalf of Defendant and/or its predecessor(s) in interest regarding the Atlantic Travel Locations for each year from January 1, 1990 through date of this demand.

17. Produce all documents, which reflect and/or relate to amount expended to modify the Atlantic Travel Locations to assure their compliance with ADA since January 1, 1990.

18. All documents, which reflect Defendant's compliance with the ADA from an expert or government agency.

19. All notices, demands and/or violations received by Defendant and/or its predecessor(s) in interest, and/or their representative(s), from an individual, entity and/or county, municipal or other government agency which reflect and/or relate to ADA violations, violations of other state or federal laws, pertaining to accessibility for individuals with disabilities, and/or notices regarding accessibility for individuals with disabilities or lack thereof.

**PLEASE TAKE NOTICE** that, in the event you fail to furnish said interrogatories within said period of thirty (30) days, a motion will be made for an order

precluding Defendant from offering any evidence at the trial of the above action for

which particulars have not been furnished.

      **PLEASE TAKE NOTICE**  that you <u>are under a continuous obligation to</u>

<u>supplement to supplement your answers under the circumstances specified in</u>

<u>Fed.R.Civ.P. 26(e)</u>

Dated: New York, New York
October 25, 2019

                        THE MARKS LAW FIRM, P.C.

By:_____
          Bradly G. Marks
          175 Varick Street, 3rd Fl
          New York, NY 10014
          T: (646) 770 – 3775
          brad@markslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRISCILIANO CRISTOBAL
BONIFACIO, on behalf of himself and all
others similarly situated,

                 Plaintiff,

     vs.

JORGE ALDAZ, ATLANTIC TRAVEL
EXPRESS OF NEW YORK, INC.,
ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND
ATLANTIC TRAVEL SERVICES INC.,

                 Defendant.

**<u>PLAINTIFF'S FIRST AMENDED REQUEST
FOR INTERROGATORIES</u>**
*Civil Action No.*
1:19-cv-02168-LDH-SJB

       **PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself and all others similarly situated, by and through his counsel, The Marks Law Firm, PC, serves the following interrogatories upon the Defendant, ATLANTIC TRAVEL EXPRESS MULTISERVICES INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to Fed.R.Civ.P. 33 and Civ. RULE 33.1.

1.    Provide the name, address, telephone number, place of employment and job title of all persons who have, claims to have or whom you believe to have knowledge or information pertaining to any act alleged in the pleadings (as defined in FRCP 7(a)), filed in this action, or facts underlying the subject matter of this action.

2.   State the specific nature and substance of the knowledge that you believe the

person(s) identified in your response to Interrogatory number 1 may have.

3.   Identify all architects and/or ADA experts retained by Defendant from January 1,

1990 though date of this demand as related to the Atlantic Travel Locations.

4.   Identify all construction contractors retained by Defendant from January 1, 1990

though date of this demand as related to the Atlantic Travel Locations.

5.   State the names, addresses, representatives of all entitled that own or operate any

part of the public accommodations described in the Complaint and state the

specific nature of that entity's interest in the Atlantic Travel Locations.

6.   State in detail the substance of the opinions to be provided by each person whom

you may use as an expert witness at trial.

7.   Identify all documents related to the ownership and operation of the Atlantic

Travel Locations including pertinent insurance agreement, deeds, and leases

pertaining to the facts alleged in the Complaint.

     **PLEASE TAKE NOTICE** that, in the event you fail to furnish said

interrogatories within said period of thirty (30) days, a motion will be made for an order

precluding Defendant from offering any evidence at the trial of the above action for

which particulars have not been furnished.

     **PLEASE TAKE NOTICE** that you are under a continuous obligation to

supplement to supplement your answers to these interrogatories under the circumstances

specified in Fed.R.Civ.P. 26(e)

Dated: New York, New York
October 25, 2019

                              THE MARKS LAW FIRM, P.C.

                              By: _____
                                   Bradly G. Marks

175 Varick Street, 3rd Fl
New York, NY 10014
T: (646) 770 – 3775
brad@bmarkslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRISCILIANO CRISTOBAL
BONIFACIO, on behalf of himself and all
others similarly situated,

            Plaintiff,

vs.

JORGE ALDAZ, ATLANTIC TRAVEL
EXPRESS OF NEW YORK, INC.,
ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND
ATLANTIC TRAVEL SERVICES INC.,

            Defendant.

**PLAINTIFFS FIRST AMENDED
REQUEST TO PRODUCE**
*Civil Action No.*
1:19-cv-02168-LDH-SJB

      **PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself and all others similarly situated, by and through his counsel, The Marks Law Firm, PC, serves the following **REQUEST TO PRODUCE** upon the Defendant, ATLANTIC TRAVEL EXPRESS MULTISERVICES INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to FRCP Rule 34.

## DEFINITIONS

1. "ADA" shall mean and refer to the Americans with Disabilities Act, 42 U.S.C § 12181-12189.

2. "And" and "or," embrace both the conjunctive and disjunctive, as circumstances may make appropriate.

3. "Document," "documents," and "documentation" are intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure, and include, without limitation, all communications, as well as all letters, correspondence, memoranda, notes, telegrams, pamphlets, manuals, reports, ledgers, records, studies, books, working papers, diaries, calendars, charts, papers, drawings, plans, blueprints, specifications, sketches, graphs, data sheets, data processing cards, tapes, sound recordings, and every manner of written, printed or recorded graphic or photographic matter, sound reproduction, magnetic impulse or computer entry, including electronic mail or correspondence via computer; however any of the above may be produced, reproduced, reduced, recorded, punched, stored, taped, transcribed or received; and documents which are now or were formerly in your possession, custody, or subject to your control, including all documents stored at any warehouse or storage facility. You need not produce identical copies of documents. However, handwritten or other notations of any kind on a copy of a document render such a document nonidentical and subject to production. Further, the term "document," "documents," or "documentation," shall include all pages, attachments, and inclusions or enclosures, whether in draft or final form.

4. Identify," "identification," or "listing," when referring to a natural person or employee, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, his or her present or last known home address, his or her present or last known business affiliation and address, title, and occupation, and a telephone number where that person can be reached. With respect to a corporation or other

entity which is not a natural person, the full name of such organization or entity,

the form of such organization (i.e., corporation, partnership, etc.) and the address

of the principal office or place of business of such organization or entity.

5. "Atlantic Travel Locations" shall be defined as the locations and real property

owned and operated by Defendant including but not limited to the following

locations: (a) 105 Graham Avenue, Brooklyn, New York 11206; (b) 5219 4th

Avenue Brooklyn, New York 11220; (c) 1473 Myrtle Avenue, Brooklyn, New

York 11237; (d) 191 Wyckoff Avenue, Brooklyn, New York 11237; (e) 4716 4th

Avenue Brooklyn, New York 11220; (f) 5924 5th Avenue, Brooklyn, New York

11220; (g) 8514 19th Avenue, Brooklyn, New York 11214 (collectively referred to

hereinafter as the "Atlantic Travel Locations").

6. "Person," unless otherwise specified, means a natural person, firm, partnership,

trust, estate, association, corporation, proprietorship, governmental body,

governmental agency, commission, or any other organization or entity.

7. "Reflecting," "referring to," or "relating to," means discussing, describing,

reflecting, containing, analyzing, studying, reporting on, commenting on,

evidencing, constituting, setting forth, explaining, considering recommending,

concerning or pertaining to, in whole or in part.

8. "ADA Standards" shall mean and refer to each of 28 C.F.R. pt. 36 Appendix A;

28 C.F.R. pt. 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191,

appendices B and D.

9. "NY Accessibility Standards" shall mean and refer to each of Subchapter Four

Subarticle Two of the 1968 New York City Building Code (Local Law 58 of

1987) and Chapter 11 of the 2008 New York City Building Code all referenced

standards noted in each of the foregoing.

10. "DOB" shall mean and refer to the New York City Department of Buildings.


## PRODUCTION INSTRUCTIONS

1. In producing documents in response to the attached request, you are requested to identify and furnish all documents in your possession, custody, or control, or in the possession, custody, or control of your employees, representatives, and agents, including non-privileged documents in the possession, custody, or control of counsel.

2. Wherever or whenever responsive information relating to any Document or answer to Document is withheld on the claim of privilege, state the basis for the claim or privilege. If such claim of privilege relates to a Document, identify the author, addressee and all recipients of copies of the Document, setting forth the date and general subject matter thereof, and state the basis for the claim for privilege. Whenever a claim or privilege is made with respect to any oral communication or statement, identify the participants to the communication and/or the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof, and state the basis for the claim of privilege.

3. If any of the documents cannot be produced in full, produce to the extent possible, and specify the reasons for the inability to produce the remainder.

4. In the event that any document called for by the attached request has been destroyed, discarded, transferred, or otherwise disposed of, that document is to be identified as completely as possible, including, but not limited to, the following information: its date; its author; a description of the type of document; the names and job titles of all addressees; and all other persons to whom the document was

distributed; a summary of the content of the document; a description of its

attachments or appendices; the date of disposal; the reason for disposal; the names

and job titles of all persons who authorized disposal; and the names and job titles

of all persons who disposed of the document.

5.  Each Document calls for not only your knowledge, belief and information, but

also for knowledge, belief, and information available to you by reasonable

inquiry, including inquiry of your representatives, attorneys and others' acting on

your behalf.

6.  In providing the documents responsive to the attached request, you are asked to

organize and label the documents so as to identify the request(s) to which they are

responsive.

7.  The obligation to produce documents or things responsive to the Request is

continuing in nature. If, at any time, Defendant learns that the disclosure or

response is incomplete or incorrect, and if the additional or corrective information

or document has not otherwise been made known to Defendant during the

disclosure process, Defendant must supplement or correct the disclosure or

response immediately.


### NOTICE DECLINING SERVICE BY MEANS OF ELECTRONIC OR FACSIMILE TRANSMITTAL

**PLEASE TAKE NOTICE**, that pursuant to FRCP, the undersigned will not

accept service of papers, notices, motions, by facsimile (fax), electronic

transmittal or by any other electronic means.

### DEMAND FOR DOCUMENTS

1.  Produce the deed to the Atlantic Travel Locations described in the complaint.

2.  Produce the lease, if any, for the Atlantic Travel Locations described in the

complaint.

3. Produce all leases entered into between the Defendant, if any, for the Atlantic Travel Locations described in the complaint.

4. Produce all documents which reflect and/or relate to all remodeling of, construction on, and/or alterations to the Atlantic Travel Locations and the buildings thereon, which are the subject of this action from January 1, 1990 through date of this demand.

5. Produce all contracts, work orders, receipts, reports, architectural plans, and agreements reflecting and/or relating to the remodeling of, renovation of, construction on and/or alterations to the Atlantic Travel Locations and the building thereon, which are the subject of this action from January 1, 1990 through date of this demand.

6. Produce all architect and/or engineer reports, plans and studies from January 1, 1990 through date of this demand relating to modifications needed and/or performed to the Atlantic Travel Locations and the buildings thereon in order to comply with the ADA.

7. Produce all documents which reflect and/or relate to all sums paid by or on behalf of Defendant and/or its predecessors in interest for the remodeling of construction on and/or alteration to the Atlantic Travel Locations and the buildings thereon which are subject of this complaint from January 1, 1990 through date of this demand.

8. Produce all building permits applied for and/or obtained from January 1, 1990 through date of this demand with regards to the Atlantic Travel Locations subject to this litigation.

9. Produce all preliminary, draft, amended, and corrected surveys, architectural

plans, drawings, designs (including feasible studies), construction plans, zoning

studies, studies and/or surveys which relate to applications to the DOB (including

correspondence, notes, comments, objections, response to objections, feasibility

studies and inspection reports), for or relating to the Atlantic Travel Locations.

10. Produce all documentation relating to, referring to, or reflecting waivers being

sought, waivers being granted, and waivers being denied by the DOB, or any

other New York City agency or official that in any way impacts upon accessibility

for persons with disabilities for the Atlantic Travel Locations.

11. Produce all documents and reports which reflect and/or relate to all work, if any,

considered, planned and/or undertaken by or suggested to the Defendant and/or its

predecessors in interest since January 1, 1990 regarding the Atlantic Travel

Locations which is subject to this litigation, in order to modify it so that is

complies with the requirements of the Americans With Disabilities Act.

12. Produce all internal or third-party analysis, studies, or notes relating to the

compliance of the design and construction of the Atlantic Travel Locations with

each of the ADA Standards and the NY Accessibility Standards.

13. Produce all documents relating to, referring to, or reflecting compliance with each

of the ADA Standards and the NY Accessibility Standards including any type(s)

of checklist(s) for compliance with the ADA Standards and NY Accessibility

Standards (including all completed or partially completed checklists) for the

Atlantic Travel Locations.

14. Produce all documents relating to, referring to, or reflecting review, consideration,

advice or information about wheelchair accessible entrances, wheelchair

accessible sales and service counters, wheelchair accessible reach ranges,

wheelchair accessible restrooms, wheelchair accessible routes, wheelchair

accessible tables, bars and seating or changes to entrances in order to comply with the ADA Standards and the NY Accessibility Standards for the Atlantic Travel Locations.

15. Produce all documents which reflect the Defendant and/or its predecessor(s) in interest's gross revenue derived from the Atlantic Travel Locations for each year from January 1, 1990 to date including, without limitation, tax returns, income statement, and application and/or information provided to lenders.

16. Produce all documents which reflect and/or relate to expenses incurred and/or paid by or on behalf of Defendant and/or its predecessor(s) in interest regarding the Atlantic Travel Locations for each year from January 1, 1990 through date of this demand.

17. Produce all documents, which reflect and/or relate to amount expended to modify the Atlantic Travel Locations to assure their compliance with ADA since January 1, 1990.

18. All documents, which reflect Defendant's compliance with the ADA from an expert or government agency.

19. All notices, demands and/or violations received by Defendant and/or its predecessor(s) in interest, and/or their representative(s), from an individual, entity and/or county, municipal or other government agency which reflect and/or relate to ADA violations, violations of other state or federal laws, pertaining to accessibility for individuals with disabilities, and/or notices regarding accessibility for individuals with disabilities or lack thereof.

**PLEASE TAKE NOTICE** that, in the event you fail to furnish said interrogatories within said period of thirty (30) days, a motion will be made for an order

precluding Defendant from offering any evidence at the trial of the above action for

which particulars have not been furnished.

      **PLEASE TAKE NOTICE**  that you <u>are under a continuous obligation to</u>

<u>supplement to supplement your answers under the circumstances specified in</u>

<u>Fed.R.Civ.P. 26(e)</u>

Dated: New York, New York
October 25, 2019

                          THE MARKS LAW FIRM, P.C.

By:_____
            Bradly G. Marks
            175 Varick Street, 3rd Fl
            New York, NY 10014
            T: (646) 770 – 3775
            brad@markslawpc.com

10014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRISCILIANO CRISTOBAL
BONIFACIO, on behalf of himself and all
others similarly situated,

               Plaintiff,

     vs.

JORGE ALDAZ, ATLANTIC TRAVEL
EXPRESS OF NEW YORK, INC.,
ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND
ATLANTIC TRAVEL SERVICES INC.,

               Defendant.

**PLAINTIFF'S FIRST AMENDED REQUEST
FOR INTERROGATORIES**
*Civil Action No.*
1:19-cv-02168-LDH-SJB

        **PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself and all others similarly situated, by and through his counsel, The Marks Law Firm, PC, serves the following interrogatories upon the Defendant, ATLANTIC TRAVEL SERVICES INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to Fed.R.Civ.P. 33 and Civ. RULE 33.1.

1.   Provide the name, address, telephone number, place of employment and job title of all persons who have, claims to have or whom you believe to have knowledge or information pertaining to any act alleged in the pleadings (as defined in FRCP 7(a)), filed in this action, or facts underlying the subject matter of this action.

2.   State the specific nature and substance of the knowledge that you believe the

person(s) identified in your response to Interrogatory number 1 may have.

3.    Identify all architects and/or ADA experts retained by Defendant from January 1, 1990 though date of this demand as related to the Atlantic Travel Locations.

4.    Identify all construction contractors retained by Defendant from January 1, 1990 though date of this demand as related to the Atlantic Travel Locations.

5.    State the names, addresses, representatives of all entitled that own or operate any part of the public accommodations described in the Complaint and state the specific nature of that entity's interest in the Atlantic Travel Locations.

6.    State in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

7.    Identify all documents related to the ownership and operation of the Atlantic Travel Locations including pertinent insurance agreement, deeds, and leases pertaining to the facts alleged in the Complaint.

    **PLEASE TAKE NOTICE** that, in the event you fail to furnish said interrogatories within said period of thirty (30) days, a motion will be made for an order precluding Defendant from offering any evidence at the trial of the above action for which particulars have not been furnished.

    **PLEASE TAKE NOTICE** that you are under a continuous obligation to supplement to supplement your answers to these interrogatories under the circumstances specified in Fed.R.Civ.P. 26(e)

Dated: New York, New York
October 25, 2019

THE MARKS LAW FIRM, P.C.

By: _____
    Bradly G. Marks
    175 Varick Street, 3rd Fl
    New York, NY 10014

T: (646) 770 − 3775
brad@bmarkslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRISCILIANO CRISTOBAL
BONIFACIO, on behalf of himself and all
others similarly situated,

              Plaintiff,

vs.

JORGE ALDAZ, ATLANTIC TRAVEL
EXPRESS OF NEW YORK, INC.,
ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND
ATLANTIC TRAVEL SERVICES INC.,

              Defendant.

**PLAINTIFFS FIRST AMENDED
REQUEST TO PRODUCE**
*Civil Action No.*
1:19-cv-02168-LDH-SJB

      **PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, PRISCILIANO CRISTOBAL BONIFACIO, on behalf of himself and all others similarly situated, by and through his counsel, The Marks Law Firm, PC, serves the following **REQUEST TO PRODUCE** upon the Defendant, ATLANTIC TRAVEL SERVICES INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to FRCP Rule 34.

## DEFINITIONS

1. "ADA" shall mean and refer to the Americans with Disabilities Act, 42 U.S.C § 12181-12189.

2. "And" and "or," embrace both the conjunctive and disjunctive, as circumstances may make appropriate.

3. "Document," "documents," and "documentation" are intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure, and

include, without limitation, all communications, as well as all letters, correspondence, memoranda, notes, telegrams, pamphlets, manuals, reports, ledgers, records, studies, books, working papers, diaries, calendars, charts, papers, drawings, plans, blueprints, specifications, sketches, graphs, data sheets, data processing cards, tapes, sound recordings, and every manner of written, printed or recorded graphic or photographic matter, sound reproduction, magnetic impulse or computer entry, including electronic mail or correspondence via computer; however any of the above may be produced, reproduced, reduced, recorded, punched, stored, taped, transcribed or received; and documents which are now or were formerly in your possession, custody, or subject to your control, including all documents stored at any warehouse or storage facility. You need not produce identical copies of documents. However, handwritten or other notations of any kind on a copy of a document render such a document nonidentical and subject to production. Further, the term "document," "documents," or "documentation," shall include all pages, attachments, and inclusions or enclosures, whether in draft or final form.

4. Identify," "identification," or "listing," when referring to a natural person or employee, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, his or her present or last known home address, his or her present or last known business affiliation and address, title, and occupation, and a telephone number where that person can be reached. With respect to a corporation or other entity which is not a natural person, the full name of such organization or entity,

the form of such organization (i.e., corporation, partnership, etc.) and the address

of the principal office or place of business of such organization or entity.

5. "Atlantic Travel Locations" shall be defined as the locations and real property

owned and operated by Defendant including but not limited to the following

locations: (a) 105 Graham Avenue, Brooklyn, New York 11206; (b) 5219 4th

Avenue Brooklyn, New York 11220; (c) 1473 Myrtle Avenue, Brooklyn, New

York 11237; (d) 191 Wyckoff Avenue, Brooklyn, New York 11237; (e) 4716 4th

Avenue Brooklyn, New York 11220; (f) 5924 5th Avenue, Brooklyn, New York

11220; (g) 8514 19th Avenue, Brooklyn, New York 11214 (collectively referred to

hereinafter as the "Atlantic Travel Locations").

6. "Person," unless otherwise specified, means a natural person, firm, partnership,

trust, estate, association, corporation, proprietorship, governmental body,

governmental agency, commission, or any other organization or entity.

7. "Reflecting," "referring to," or "relating to," means discussing, describing,

reflecting, containing, analyzing, studying, reporting on, commenting on,

evidencing, constituting, setting forth, explaining, considering recommending,

concerning or pertaining to, in whole or in part.

8. "ADA Standards" shall mean and refer to each of 28 C.F.R. pt. 36 Appendix A;

28 C.F.R. pt. 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191,

appendices B and D.

9. "NY Accessibility Standards" shall mean and refer to each of Subchapter Four

Subarticle Two of the 1968 New York City Building Code (Local Law 58 of

1987) and Chapter 11 of the 2008 New York City Building Code all referenced

standards noted in each of the foregoing.

10. "DOB" shall mean and refer to the New York City Department of Buildings.

## PRODUCTION INSTRUCTIONS

1. In producing documents in response to the attached request, you are requested to identify and furnish all documents in your possession, custody, or control, or in the possession, custody, or control of your employees, representatives, and agents, including non-privileged documents in the possession, custody, or control of counsel.

2. Wherever or whenever responsive information relating to any Document or answer to Document is withheld on the claim of privilege, state the basis for the claim or privilege. If such claim of privilege relates to a Document, identify the author, addressee and all recipients of copies of the Document, setting forth the date and general subject matter thereof, and state the basis for the claim for privilege. Whenever a claim or privilege is made with respect to any oral communication or statement, identify the participants to the communication and/or the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof, and state the basis for the claim of privilege.

3. If any of the documents cannot be produced in full, produce to the extent possible, and specify the reasons for the inability to produce the remainder.

4. In the event that any document called for by the attached request has been destroyed, discarded, transferred, or otherwise disposed of, that document is to be identified as completely as possible, including, but not limited to, the following information: its date; its author; a description of the type of document; the names and job titles of all addressees; and all other persons to whom the document was distributed; a summary of the content of the document; a description of its

attachments or appendices; the date of disposal; the reason for disposal; the names and job titles of all persons who authorized disposal; and the names and job titles of all persons who disposed of the document.

5. Each Document calls for not only your knowledge, belief and information, but also for knowledge, belief, and information available to you by reasonable inquiry, including inquiry of your representatives, attorneys and others' acting on your behalf.

6. In providing the documents responsive to the attached request, you are asked to organize and label the documents so as to identify the request(s) to which they are responsive.

7. The obligation to produce documents or things responsive to the Request is continuing in nature. If, at any time, Defendant learns that the disclosure or response is incomplete or incorrect, and if the additional or corrective information or document has not otherwise been made known to Defendant during the disclosure process, Defendant must supplement or correct the disclosure or response immediately.

### NOTICE DECLINING SERVICE BY MEANS OF ELECTRONIC OR FACSIMILE TRANSMITTAL

**PLEASE TAKE NOTICE**, that pursuant to FRCP, the undersigned will not accept service of papers, notices, motions, by facsimile (fax), electronic transmittal or by any other electronic means.

### DEMAND FOR DOCUMENTS

1. Produce the deed to the Atlantic Travel Locations described in the complaint.

2. Produce the lease, if any, for the Atlantic Travel Locations described in the complaint.

3.  Produce all leases entered into between the Defendant, if any, for the Atlantic Travel Locations described in the complaint.

4.  Produce all documents which reflect and/or relate to all remodeling of, construction on, and/or alterations to the Atlantic Travel Locations and the buildings thereon, which are the subject of this action from January 1, 1990 through date of this demand.

5.  Produce all contracts, work orders, receipts, reports, architectural plans, and agreements reflecting and/or relating to the remodeling of, renovation of, construction on and/or alterations to the Atlantic Travel Locations and the building thereon, which are the subject of this action from January 1, 1990 through date of this demand.

6.  Produce all architect and/or engineer reports, plans and studies from January 1, 1990 through date of this demand relating to modifications needed and/or performed to the Atlantic Travel Locations and the buildings thereon in order to comply with the ADA.

7.  Produce all documents which reflect and/or relate to all sums paid by or on behalf of Defendant and/or its predecessors in interest for the remodeling of construction on and/or alteration to the Atlantic Travel Locations and the buildings thereon which are subject of this complaint from January 1, 1990 through date of this demand.

8.  Produce all building permits applied for and/or obtained from January 1, 1990 through date of this demand with regards to the Atlantic Travel Locations subject to this litigation.

9.  Produce all preliminary, draft, amended, and corrected surveys, architectural plans, drawings, designs (including feasible studies), construction plans, zoning

studies, studies and/or surveys which relate to applications to the DOB (including correspondence, notes, comments, objections, response to objections, feasibility studies and inspection reports), for or relating to the Atlantic Travel Locations.

10. Produce all documentation relating to, referring to, or reflecting waivers being sought, waivers being granted, and waivers being denied by the DOB, or any other New York City agency or official that in any way impacts upon accessibility for persons with disabilities for the Atlantic Travel Locations.

11. Produce all documents and reports which reflect and/or relate to all work, if any, considered, planned and/or undertaken by or suggested to the Defendant and/or its predecessors in interest since January 1, 1990 regarding the Atlantic Travel Locations which is subject to this litigation, in order to modify it so that is complies with the requirements of the Americans With Disabilities Act.

12. Produce all internal or third-party analysis, studies, or notes relating to the compliance of the design and construction of the Atlantic Travel Locations with each of the ADA Standards and the NY Accessibility Standards.

13. Produce all documents relating to, referring to, or reflecting compliance with each of the ADA Standards and the NY Accessibility Standards including any type(s) of checklist(s) for compliance with the ADA Standards and NY Accessibility Standards (including all completed or partially completed checklists) for the Atlantic Travel Locations.

14. Produce all documents relating to, referring to, or reflecting review, consideration, advice or information about wheelchair accessible entrances, wheelchair accessible sales and service counters, wheelchair accessible reach ranges, wheelchair accessible restrooms, wheelchair accessible routes, wheelchair accessible tables, bars and seating or changes to entrances in order to comply with

the ADA Standards and the NY Accessibility Standards for the Atlantic Travel Locations.

15. Produce all documents which reflect the Defendant and/or its predecessor(s) in interest's gross revenue derived from the Atlantic Travel Locations for each year from January 1, 1990 to date including, without limitation, tax returns, income statement, and application and/or information provided to lenders.

16. Produce all documents which reflect and/or relate to expenses incurred and/or paid by or on behalf of Defendant and/or its predecessor(s) in interest regarding the Atlantic Travel Locations for each year from January 1, 1990 through date of this demand.

17. Produce all documents, which reflect and/or relate to amount expended to modify the Atlantic Travel Locations to assure their compliance with ADA since January 1, 1990.

18. All documents, which reflect Defendant's compliance with the ADA from an expert or government agency.

19. All notices, demands and/or violations received by Defendant and/or its predecessor(s) in interest, and/or their representative(s), from an individual, entity and/or county, municipal or other government agency which reflect and/or relate to ADA violations, violations of other state or federal laws, pertaining to accessibility for individuals with disabilities, and/or notices regarding accessibility for individuals with disabilities or lack thereof.

**PLEASE TAKE NOTICE** that, in the event you fail to furnish said interrogatories within said period of thirty (30) days, a motion will be made for an order precluding Defendant from offering any evidence at the trial of the above action for which particulars have not been furnished.

**PLEASE TAKE NOTICE** that you <u>are under a continuous obligation to</u>

<u>supplement to supplement your answers under the circumstances specified in</u>

<u>Fed.R.Civ.P. 26(e)</u>

Dated: New York, New York
October 25, 2019

                                    THE MARKS LAW FIRM, P.C.

By:
                  Bradly G. Marks
                  175 Varick Street, 3rd Fl
                  New York, NY 10014
                  T: (646) 770 – 3775
                  brad@markslawpc.com

York, NY 10014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
PRISCILIANO CRISTOBAL BONIFACIO, on behalf of
himself and all others similarly situated,

                          Plaintiff(s),

     v.

JORGE ALDAZ, ATLANTIC TRAVEL EXPRESS OF
NEW YORK, INC., ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND ATLANTIC TRAVEL
SERVICES INC.,

                          Defendant(s).
---------------------------------------X

**FIRST REQUESTS TO
ADMIT**

*Civil Action No.*
1:19-cv-02168-LDH-SJB

**PLAINTIFF'S FIRST REQUEST FOR AN ADMISSION**

Plaintiff PRISCILIANO CRISTOBAL BONIFACIO ("Plaintiff"), hereby submits the

following First Request For An Admission to JORGE ALDAZ ("Defendant"), pursuant

to Rule 36 of the Federal Rules of Civil Procedure. Documents should be copies and sent

to Plaintiff's counsel on the date your response is due:

**PRELIMINARY STATEMENT**

1. If Defendant fails to respond to object to any request within 30 days of the service

    of the Requests, the matter shall be deemed admitted under Rule 36.

2. As is more fully set out in Rule 36(a), the Defendant must admit or deny each

    request, and where necessary, specify the parts of each request to which it objects

    or cannot in good faith admit or deny. In the event that the Defendant objects or

    denies any request or portion of a Request, the Defendant must state the reason

    for its objections or denial.

3. These Requests shall be deemed continuing and supplemental answers shall be

    required if you directly or indirectly obtain further information after your initial

response as provided by Rule 26(e).

4.  Each Request solicits all information obtainable by Defendant, from Defendant's attorneys, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

<u>FIRST SET OF REQUESTS FOR ADMISSION</u>

1.  Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant is the lessor of a commercial premises:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

2.  Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant is the owner of a commercial premises:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

3. Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant was the landlord that leased commercial space at the premises:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

4. Admit or deny that Defendant operated a place of public accommodation:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

5. Admit or deny Defendant operated an establishment which provides goods and services to the public:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

     g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

6.  Admit or deny Defendant operated an establishment under the name containing, in whole or in part, "Atlantic Travel" which provides goods and services to the public:

     a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

     b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

     c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

     d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

     e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

     f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

     g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

7.  Admit or deny that Defendant has begun operations and/or undergone remodeling since January 26, 1990 at the premises:

     a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

     b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

     c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

     d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

     e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

     f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

     g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

8.  Admit or deny that Defendant has begun operations and/or undergone repairs since January 26, 1990 at the premises:

     a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

     b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

     c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

9.  Admit or deny that Defendant has begun operations and/or undergone alterations since January 26, 1990 at the premises:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

10.  Admit or deny that Defendant's facility located at 105 Graham Avenue, Brooklyn, New York 11206 lacks:

    i.  An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii.  An accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.  Required directional and information signage not provided in violation of ADAAG 216.

    iv.  An accessible features throughout the premises (clear isles/path throughout the premises).

    v.  A policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

11. Admit or deny that Defendant's facility located at 5219 4th Avenue, Brooklyn, New York 11220 lacks:

      i.    Required accessible check-out/service counters not provided in violation of ADAAG 904.

      ii.    Required ground space and turning space not provided in violation of ADAAG 402 and 403.

      iii.    Accessible seating for the computers.

      iv.    An accessible restroom.

      v.    Required directional and information signage not provided in violation of ADAAG 216.

      vi.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

12. Admit or deny that Defendant's facility located at 1473 Myrtle Avenue, Brooklyn, New York 11237 lacks:

      i.    An accessible entrance due rise more than ½ inch at the main and only entrance in violation of ADAAG 206 and 303.

      ii.    Required accessible check-out/service counters not provided in violation of ADAAG 904.

      iii.    Accessible seating for the computers.

      iv.    An accessible restroom.

      v.    Accessible phone booths.

      vi.    Required directional and information signage not provided in violation of ADAAG 216.

vii.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

13. Admit or deny that Defendant's facility located at <u>191 Wyckoff Avenue, Brooklyn, New York</u> 11237 lacks:

       i.    An accessible entrance due to the steps at the main and only entrance in violation of ADAAG 206 and 303.

       ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

       iii.    Accessible seating for the computers.

       iv.    An accessible restroom.

       v.    Accessible phone booths.

       vi.    Required directional and information signage not provided in violation of ADAAG 216.

       vii.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

14. Admit or deny that Defendants restaurant located at <u>4716 4th Avenue, Brooklyn, New York</u> 11220 lacks:

       i.    An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

       ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

       iii.    Accessible seating for the computers.

       iv.    Accessible phone booths.

    v.      Required directional and information signage not provided in violation of ADAAG 216.

    vi.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

15. Admit or deny that Defendants restaurant located at <u>5924 5th Avenue, Brooklyn, New York </u>11220 lacks:

    i.      An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.   Accessible seating for the computers.

    iv.   Accessible phone booths.

    v.      Required directional and information signage not provided in violation of ADAAG 216.

    vi.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

16. Admit or deny that Defendant's facility located at <u>8514 19th Avenue, Brooklyn, New York 11214</u> lacks:

    i.      An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.   Required directional and information signage not provided in violation of ADAAG 216.

    iv.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

17. Admit or deny that Defendant has engaged in renovations of the below listed premises, in an aggregate amount exceeding \$3,000,000 since January 26, 1990:

    a.    Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.    Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.    Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.    Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.    Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.    Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.    Located at 8514 19th Avenue, Brooklyn, New York 11214.

2. Admit or deny that Atlantic Travel Locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

    a.    Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.    Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.    Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.    Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.    Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.    Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.    Located at 8514 19th Avenue, Brooklyn, New York 11214.

18. Admit or deny that Defendant is the proper party to this action.

19. Admit or deny that Defendant is unaware of other necessary parties to this action.

20. Admit or deny that after initiating this action, Defendant has made structural remedial steps in efforts to comply with the Americans with Disabilities Act.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff reserve the rights to

supplement and or amend these responses during the course of this litigation up to and

including the conclusion of trial of this action.

Dated: October 25, 2019

THE MARKS LAW FIRM, P.C.


By: _____
    Bradly G. Marks
    175 Varick St., 3rd Floor
    New York, New York, NY 10014
    Phone: (646) 70-3775
    Fax: (646) 867-2639
    brad@markslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
PRISCILIANO CRISTOBAL BONIFACIO, on behalf of
himself and all others similarly situated,

       Plaintiff(s),

  v.

JORGE ALDAZ, ATLANTIC TRAVEL EXPRESS OF
NEW YORK, INC., ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND ATLANTIC TRAVEL
SERVICES INC.,

       Defendant(s).
---------------------------------------X

**FIRST REQUESTS TO
ADMIT**

*Civil Action No.*
1:19-cv-02168-LDH-SJB

## **PLAINTIFF'S FIRST REQUEST FOR AN ADMISSION**

Plaintiff PRISCILIANO CRISTOBAL BONIFACIO ("Plaintiff"), hereby submits the

following First Request For An Admission to ATLANTIC TRAVEL EXPRESS OF

NEW YORK, INC. ("Defendant"), pursuant to Rule 36 of the Federal Rules of Civil

Procedure. Documents should be copies and sent to Plaintiff's counsel on the date your

response is due:

## **PRELIMINARY STATEMENT**

1. If Defendant fails to respond to object to any request within 30 days of the service

 of the Requests, the matter shall be deemed admitted under Rule 36.

2. As is more fully set out in Rule 36(a), the Defendant must admit or deny each

 request, and where necessary, specify the parts of each request to which it objects

 or cannot in good faith admit or deny. In the event that the Defendant objects or

 denies any request or portion of a Request, the Defendant must state the reason

 for its objections or denial.

3. These Requests shall be deemed continuing and supplemental answers shall be

required if you directly or indirectly obtain further information after your initial response as provided by Rule 26(e).

4. Each Request solicits all information obtainable by Defendant, from Defendant's attorneys, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

<u>FIRST SET OF REQUESTS FOR ADMISSION</u>

1. Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant is the lessor of a commercial premises:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

2. Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant is the owner of a commercial premises:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

        g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

3.  Admit or deny that for all time periods relevant to the complaint filed in the

    matter Defendant was the landlord that leased commercial space at the premises:

        a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

        b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

        c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

        d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

        e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

        f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

        g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

4.  Admit or deny that Defendant operated a place of public accommodation:

        a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

        b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

        c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

        d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

        e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

        f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

        g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

5.  Admit or deny Defendant operated an establishment which provides goods and

    services to the public:

        a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

        b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

        c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

        d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

        e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

6.  Admit or deny Defendant operated an establishment under the name containing, in whole or in part, "Atlantic Travel" which provides goods and services to the public:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

7.  Admit or deny that Defendant has begun operations and/or undergone remodeling since January 26, 1990 at the premises:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

8.  Admit or deny that Defendant has begun operations and/or undergone repairs since January 26, 1990 at the premises:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

  c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

  d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

  e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

  f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

  g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

9. Admit or deny that Defendant has begun operations and/or undergone alterations since January 26, 1990 at the premises:

  a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

  b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

  c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

  d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

  e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

  f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

  g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

10. Admit or deny that Defendant's facility located at <u>105 Graham Avenue, Brooklyn, New York 11206</u> lacks:

  i. An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

  ii. An accessible check-out/service counters not provided in violation of ADAAG 904.

  iii. Required directional and information signage not provided in violation of ADAAG 216.

  iv. An accessible features throughout the premises (clear isles/path throughout the premises).

      v.    A policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

11. Admit or deny that Defendant's facility located at <u>5219 4th Avenue, Brooklyn, New York 11220</u> lacks:

      i.    Required accessible check-out/service counters not provided in violation of ADAAG 904.

      ii.    Required ground space and turning space not provided in violation of ADAAG 402 and 403.

      iii.    Accessible seating for the computers.

      iv.    An accessible restroom.

      v.    Required directional and information signage not provided in violation of ADAAG 216.

      vi.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

12. Admit or deny that Defendant's facility located at <u>1473 Myrtle Avenue, Brooklyn, New York</u> 11237 lacks:

      i.    An accessible entrance due rise more than ½ inch at the main and only entrance in violation of ADAAG 206 and 303.

      ii.    Required accessible check-out/service counters not provided in violation of ADAAG 904.

      iii.    Accessible seating for the computers.

      iv.    An accessible restroom.

      v.    Accessible phone booths.

      vi.    Required directional and information signage not provided in violation of ADAAG 216.

      vii.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

13. Admit or deny that Defendant's facility located at <u>191 Wyckoff Avenue, Brooklyn, New York </u>11237 lacks:

      i.    An accessible entrance due to the steps at the main and only entrance in violation of ADAAG 206 and 303.

      ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

      iii.    Accessible seating for the computers.

      iv.    An accessible restroom.

      v.    Accessible phone booths.

      vi.    Required directional and information signage not provided in violation of ADAAG 216.

      vii.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

14. Admit or deny that Defendants restaurant located at <u>4716 4th Avenue, Brooklyn, New York </u>11220 lacks:

      i.    An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

      ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

      iii.    Accessible seating for the computers.

    iv.    Accessible phone booths.

    v.    Required directional and information signage not provided in violation of ADAAG 216.

    vi.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

15. Admit or deny that Defendants restaurant located at 5924 5th Avenue, Brooklyn, New York 11220 lacks:

    i.    An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.    Accessible seating for the computers.

    iv.    Accessible phone booths.

    v.    Required directional and information signage not provided in violation of ADAAG 216.

    vi.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

16. Admit or deny that Defendant's facility located at 8514 19th Avenue, Brooklyn, New York 11214 lacks:

    i.    An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

       iii.    Required directional and information signage not provided in violation of ADAAG 216.

       iv.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

17. Admit or deny that Defendant has engaged in renovations of the below listed premises, in an aggregate amount exceeding $3,000,000 since January 26, 1990:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

2. Admit or deny that Atlantic Travel Locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

18. Admit or deny that Defendant is the proper party to this action.

19. Admit or deny that Defendant is unaware of other necessary parties to this action.

20. Admit or deny that after initiating this action, Defendant has made structural

remedial steps in efforts to comply with the Americans with Disabilities Act.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff reserve the rights to

supplement and or amend these responses during the course of this litigation up to and

including the conclusion of trial of this action.

Dated: October 25, 2019

THE MARKS LAW FIRM, P.C.

By: _____

Bradly G. Marks
175 Varick St., 3rd Floor
New York, New York, NY 10014
Phone: (646) 70-3775
Fax: (646) 867-2639
brad@markslawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
PRISCILIANO CRISTOBAL BONIFACIO, on behalf of
himself and all others similarly situated,

                       Plaintiff(s),

     v.


JORGE ALDAZ, ATLANTIC TRAVEL EXPRESS OF
NEW YORK, INC., ATLANTIC TRAVEL EXPRESS
MULTISERVICES INC., AND ATLANTIC TRAVEL
SERVICES INC.,

                           Defendant(s).
---------------------------------------X

**FIRST REQUESTS TO
ADMIT**

*Civil Action No.*
1:19-cv-02168-LDH-SJB


**PLAINTIFF'S FIRST REQUEST FOR AN ADMISSION**

Plaintiff PRISCILIANO CRISTOBAL BONIFACIO ("Plaintiff"), hereby submits the

following First Request For An Admission to ATLANTIC TRAVEL EXPRESS

MULTISERVICES INC. ("Defendant"), pursuant to Rule 36 of the Federal Rules of

Civil Procedure. Documents should be copies and sent to Plaintiff's counsel on the date

your response is due:


**PRELIMINARY STATEMENT**

1. If Defendant fails to respond to object to any request within 30 days of the service

   of the Requests, the matter shall be deemed admitted under Rule 36.

2. As is more fully set out in Rule 36(a), the Defendant must admit or deny each

   request, and where necessary, specify the parts of each request to which it objects

   or cannot in good faith admit or deny. In the event that the Defendant objects or

   denies any request or portion of a Request, the Defendant must state the reason

   for its objections or denial.

3. These Requests shall be deemed continuing and supplemental answers shall be

required if you directly or indirectly obtain further information after your initial response as provided by Rule 26(e).

4. Each Request solicits all information obtainable by Defendant, from Defendant's attorneys, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

<u>FIRST SET OF REQUESTS FOR ADMISSION</u>

1. Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant is the lessor of a commercial premises:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.  Located at 8514 19th Avenue, Brooklyn, New York 11214.

2. Admit or deny that for all time periods relevant to the complaint filed in the matter Defendant is the owner of a commercial premises:

    a.  Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.  Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.  Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.  Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.  Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.  Located at 5924 5th Avenue, Brooklyn, New York 11220 and

g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

3.  Admit or deny that for all time periods relevant to the complaint filed in the

matter Defendant was the landlord that leased commercial space at the premises:

a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

4.  Admit or deny that Defendant operated a place of public accommodation:

a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

5.  Admit or deny Defendant operated an establishment which provides goods and

services to the public:

a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.   Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.   Located at 8514 19th Avenue, Brooklyn, New York 11214.

6.  Admit or deny Defendant operated an establishment under the name containing, in whole or in part, "Atlantic Travel" which provides goods and services to the public:

    a.   Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.   Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.   Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.   Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.   Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.   Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.   Located at 8514 19th Avenue, Brooklyn, New York 11214.

7.  Admit or deny that Defendant has begun operations and/or undergone remodeling since January 26, 1990 at the premises:

    a.   Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.   Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c.   Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d.   Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e.   Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f.   Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g.   Located at 8514 19th Avenue, Brooklyn, New York 11214.

8.  Admit or deny that Defendant has begun operations and/or undergone repairs since January 26, 1990 at the premises:

    a.   Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b.   Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

9. Admit or deny that Defendant has begun operations and/or undergone alterations since January 26, 1990 at the premises:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

10. Admit or deny that Defendant's facility located at <u>105 Graham Avenue, Brooklyn, New York 11206</u> lacks:

    i. An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii. An accessible check-out/service counters not provided in violation of ADAAG 904.

    iii. Required directional and information signage not provided in violation of ADAAG 216.

    iv. An accessible features throughout the premises (clear isles/path throughout the premises).

           v.      A policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

11. Admit or deny that Defendant's facility located at <u>5219 4th Avenue, Brooklyn, New York 11220</u> lacks:

           i.      Required accessible check-out/service counters not provided in violation of ADAAG 904.

           ii.      Required ground space and turning space not provided in violation of ADAAG 402 and 403.

           iii.      Accessible seating for the computers.

           iv.      An accessible restroom.

           v.      Required directional and information signage not provided in violation of ADAAG 216.

           vi.      Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

12. Admit or deny that Defendant's facility located at <u>1473 Myrtle Avenue, Brooklyn, New York </u>11237 lacks:

           i.      An accessible entrance due rise more than ½ inch at the main and only entrance in violation of ADAAG 206 and 303.

           ii.      Required accessible check-out/service counters not provided in violation of ADAAG 904.

           iii.      Accessible seating for the computers.

           iv.      An accessible restroom.

           v.      Accessible phone booths.

    vi.    Required directional and information signage not provided in violation of ADAAG 216.

    vii.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

13. Admit or deny that Defendant's facility located at <u>191 Wyckoff Avenue, Brooklyn, New York </u>11237 lacks:

    i.    An accessible entrance due to the steps at the main and only entrance in violation of ADAAG 206 and 303.

    ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.    Accessible seating for the computers.

    iv.    An accessible restroom.

    v.    Accessible phone booths.

    vi.    Required directional and information signage not provided in violation of ADAAG 216.

    vii.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

14. Admit or deny that Defendants restaurant located at <u>4716 4th Avenue, Brooklyn, New York </u>11220 lacks:

    i.    An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.    Accessible seating for the computers.

    iv.    Accessible phone booths.

    v.    Required directional and information signage not provided in violation of ADAAG 216.

    vi.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

15. Admit or deny that Defendants restaurant located at <u>5924 5th Avenue, Brooklyn, New York </u>11220 lacks:

    i.    An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

    iii.    Accessible seating for the computers.

    iv.    Accessible phone booths.

    v.    Required directional and information signage not provided in violation of ADAAG 216.

    vi.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

16. Admit or deny that Defendant's facility located at <u>8514 19th Avenue, Brooklyn, New York 11214</u> lacks:

    i.    An accessible entrance due to the step at the main and only entrance in violation of ADAAG 206 and 303.

    ii.    Accessible check-out/service counters not provided in violation of ADAAG 904.

       iii.    Required directional and information signage not provided in violation of ADAAG 216.

       iv.    Policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

17. Admit or deny that Defendant has engaged in renovations of the below listed premises, in an aggregate amount exceeding $3,000,000 since January 26, 1990:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

2. Admit or deny that Atlantic Travel Locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

    a. Located at 105 Graham Avenue, Brooklyn, New York 11206 and

    b. Located at 5219 4th Avenue Brooklyn, New York 11220 and

    c. Located at 1473 Myrtle Avenue, Brooklyn, New York 11237 and

    d. Located at 191 Wyckoff Avenue, Brooklyn, New York 11237 and

    e. Located at 4716 4th Avenue Brooklyn, New York 11220 and

    f. Located at 5924 5th Avenue, Brooklyn, New York 11220 and

    g. Located at 8514 19th Avenue, Brooklyn, New York 11214.

18. Admit or deny that Defendant is the proper party to this action.

19. Admit or deny that Defendant is unaware of other necessary parties to this action.

20. Admit or deny that after initiating this action, Defendant has made structural

remedial steps in efforts to comply with the Americans with Disabilities Act.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff reserve the rights to

supplement and or amend these responses during the course of this litigation up to and

including the conclusion of trial of this action.

Dated: October 25, 2019

THE MARKS LAW FIRM, P.C.

By: _____
    Bradly G. Marks
    175 Varick St., 3rd Floor
    New York, New York, NY 10014
    Phone: (646) 70-3775
    Fax: (646) 867-2639
    brad@markslawpc.com