UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PRISCILIANO CRISTOBAL BONIFACIO, *on behalf
of himself and all others similarly situated*,

                                   Plaintiff,           **ORDER**
                                                    19-CV-2168-LDH-SJB

       -against-

JORGE ALDAZ, ATLANTIC TRAVEL EXPRESS
OF NEW YORK, INC., ATLANTIC TRAVEL
EXPRESS MULTISERVICES INC., and ATLANTIC
TRAVEL SERVICES INC,

                             Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      This an American with Disabilities Act and related state law claims putative class

action.  Plaintiff has moved to compel Defendants to supplement their responses to

Plaintiff's Interrogatories and Document Requests and to produce individuals for

depositions, and asks the Court to deem all Requests to Admit as admitted because the

time to object or respond has passed.  (Mot. to Compel dated Apr. 22, 2020 ("Pl.'s

Mot."), Dkt. No. 28 at 3).  Defendants have responded, objecting on the grounds that

Plaintiff is not entitled to discovery beyond a particular site at issue in the Complaint,

citing difficulties caused by world events,[1] and claiming that Plaintiff has failed to

---

[1] Defendants' broad reference to the COVID-19 pandemic as a reason for their
discovery responses, or lack thereof, is unpersuasive—Defendants' Interrogatory and
Document Production responses are both dated September 9, 2019, and therefore their
responses were due well before the outset of the pandemic.  (*See* Defs.' Resps. & Objs. to
Pl.'s First Reqs. for Interrogs. dated Sept. 9, 2019 ("Defs.' Interrog. Resps."), attached as
Ex. B to Mot. Dkt. No. 28 at 2; Defs.' Resps. & Objs. to Pl.'s First Reqs. for Produc. of
Docs. dated Sept. 9, 2019 ("Defs.' Doc. Reqs. Resps."), attached as Ex. B to Mot., Dkt.
No. 28 at 27).

respond to their document requests.² (Resp. to Mot. to Compel dated Apr. 29, 2020
("Defs.' Resp. to Mot."), Dkt. No. 29).  For the reasons stated below, (1) Defendants are
ordered to provide verified responses to Plaintiff's Interrogatories, without objection;
(2) Defendants are ordered to produce documents or provide specific objections in
response to Plaintiff's Document Requests; and (3) the Requests for Admission are
deemed admitted.  Further, the parties shall meet and confer regarding depositions.

 <u>Plaintiff's Interrogatories</u>: Plaintiff moves to compel Defendants to supplement
their responses to his Interrogatories and requests the Court deem their objections
waived because Defendants' objections are wholly without merit and use only general
terms about burden and relevance.  (Pl.'s Mot. at 2).  The Court agrees and grants the
motion as follows:

 In response to Interrogatories 2 and 6 through 25, Defendants solely rely on
Local Rule 33.3.  (Defs.' Interrog. Resps. at 5–9).  But Local Rule 33.3 is not a rule in
this District.  *See* Local R. Civ. P. 33.3 ("Southern District Only").³  The Court finds this
inapposite objection overruled, and Defendants are ordered to provide full and complete
responses to these Interrogatories, without objection.

 For the remainder of the Interrogatories, the Court finds the objections
nonspecific and generic, and concludes the responses failed to respond to the requests,

---

 ² Defendants have not moved to compel any of Plaintiff's discovery responses so
its mention of Plaintiff's lack of response is irrelevant to the issues before the Court for
decision.

 ³ Defendants also mistakenly included "Southern District of New York" in the
captions on their discovery responses.  (*See* Defs.' Doc. Req. Resps. at 2; Defs.' Interrog.
Resps. at 11).  In case there is any doubt, this case is proceeding in the Eastern District of
New York.

and Defendants are required to provide full and complete responses to these Interrogatories, without objection.

There is no indication that the Interrogatory responses were verified or signed by Defendants themselves, as required by Federal Rule 33(b)(3) and (b)(5). *See Brill v. Queens Lumber Co.*, No. 10-CV-1975, 2012 WL 441287, at *5 (E.D.N.Y. Feb. 10, 2012) ("Federal Rule of Civil Procedure 33 requires parties to certify their answers to interrogatories with a signed and sworn verification statement."). Defendants must provide verified responses to the Interrogatories.

<u>Plaintiff's Document Requests</u>: Plaintiff moves to compel responses to the 44 Requests for the Production of Documents. In their responses dated September 9, 2019, "Defendants ha[d] not to date been able to identify documents responsive" to 38 of those requests. (Defs.' Doc. Reqs. Resps. at 12–27). In response to 29 of the requests, Defendants objected based on immateriality and disproportionate burden. (*Id.*). Except for three responses, all of Defendants' responses to Plaintiff's Document Requests included only the immateriality/burden or inability-to-identify objection or both. Defendants appear to have produced documents in response to Document Requests 30 and 31. (*Id.* at 21–22). In Defendants' response to the motion to compel, they explain that documents were produced to Plaintiff in "Defendants' possession, custody and control relating to the 'Atlantic Travel' premises . . . which Plaintiff admitted to have visited," (Defs.' Resp. at 2), yet they fail to indicate the scope of the production, whether the production was in response to any of Plaintiff's requests, or whether their objections still stand.

Defendants' responses to the Document Requests are improper for several reasons. First, "with respect to the objections, 'an objection must state whether any

responsive materials are being withheld on the basis of that objection.'" *Caprate Events, LLC v. Knobloch*, No. 17-CV-5907, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018) (quoting Fed. R. Civ. P. 34(b)(2)(C)) (emphasis removed).  Defendants fail to indicate whether any documents are being withheld on the basis of their objections in their Document Request responses; they further fail to clarify in their response to Plaintiff's motion to compel.  Second, the objections are all boilerplate.  Such objections provide no help to the Court in attempting to understand what about the request is overbroad or immaterial.  *See id.*  Third, the "2015 Amendments to the Federal Rules no longer permit[] global, generalized objections to each request," which Defendants provide at the beginning of their responses to Plaintiff's Document Requests.  *Id.* (citing Fed. R. Civ. P. 34(b)(2)(B)).

Defendants' object to Plaintiff's discovery requests on the grounds that Plaintiff is not entitled to discovery regarding Defendants' sites beyond the one that Plaintiff visited himself.  (Defs.' Resp. at 2).  For now, Defendants are only required to produce documents related to the location that Plaintiff visited and not required to produce documents about other locations.  (They are however required to respond to Interrogatories—because such an objection was not made in response to the Interrogatories—and the Requests for Admission are all deemed admitted, as indicated below).  Plaintiff may renew his motion to compel regarding documents for other locations after Defendants have completed document production and otherwise complied with this Order.  Any such motion shall be filed by July 15, 2020.

Defendants are directed to provide supplemental Document Request responses with specific objections, and produce documents, consistent with the Federal Rules of Civil Procedure and this Order.

Depositions: Plaintiff argues Defendants failed to appear or move forward with a number of depositions, including Plaintiff's, which the parties sought to complete in August 2019. (Mot. at 1). Plaintiff confusingly seeks to compel the appearance of "Individual Defendants" for their own depositions despite there being only one individual defendant in this case. The only notice of deposition attached to any of the papers is the notice for Plaintiff's deposition attached to Defendants' response. (Notice of Dep. dated June 17, 2019, attached as Ex. 1 to Defs.' Resp., Dkt. No. 29 at 19).

For their part, Defendants state "the parties are unable to complete *any* depositions until after the stay-at-home order is lifted, and, if and when, their business reopens." (*Id.* at 3 (emphasis in original)). Not only do Defendants seek to impose a unilateral stay, they do so in the face of the Court's denial of the recent stay request based on similar grounds. (*See* Order dated Apr. 8, 2020). Defendants position is untenable. The parties shall proceed with discovery—there is no explanation for why Defendants failed to proceed with depositions in the months prior to March 2020. Nor do Defendants explain why depositions by remote means do not overcome any obstacles.

Regardless, Plaintiff's motion to compel is denied—the proper way to compel a party deposition is to first notice the deposition, and the parties have not provided enough information to the Court to determine whether this has occurred. The parties are ordered to meet and confer regarding depositions consistent with this Order.

Requests to Admit: Defendants have not responded to Plaintiff's Requests to Admit, dated October 25, 2019, at all. (Pl.'s Mot. at 1). Defendants fail to address the issue at all. (*See* Defs.' Resp.). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a

written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Plaintiff's Requests to Admit are deemed admitted. *See Brumby v. Sharinn & Lipshie, P.C.*, No. 10-CV-2308, 2011 WL 6396385, at *1 (E.D.N.Y. May 23, 2011) ("Rule 36 is self-executing. If the requests were duly served and not timely responded to, they are deemed admitted."); *e.g.*, *Dukes Bridge, LLC v. Sec. Life of Denver Ins. Co.*, No. 10-CV-5491-SJB, 2020 WL 1908557, at *20 n.15 (E.D.N.Y. Apr. 17, 2020) ("The Court deems the requests for admission in Exhibit 694 admitted by Dukes Bridge by failure to answer.").

<u>CONCLUSION</u>

The motion to compel is resolved as indicated above. Defendants shall provide responses and discovery consistent with this Order by June 18, 2020.[4] Any renewed motion to compel document discovery about additional locations beyond the one visited by Plaintiff shall be filed after Defendants' compliance with this Order and by July 15, 2020. The deadline to complete all discovery is extended 90 days to September 24, 2020.

SO ORDERED.

*/s/ Sanket J. Bulsara May 14, 2020*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[4] To the extent that Defendants need additional time to produce documents in light of the pandemic, they may file a motion seeking extension of time.